UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD<br><br>Plaintiff,<br><br>– against –<br><br>NETFLIX, INC., CURTIS JACKSON (professionally known as "50 Cent"), ALEXANDRIA STAPLETON, G-UNIT FILMS AND TELEVISION INC., HOUSE OF NONFICTION INC., and WEST TOWER ROAD LLC,<br><br>Defendants. | **JOINT NOTICE OF REMOVAL**<br><br>Removed from:<br>New York State Supreme Court,<br>New York County - Index No. 101491/2025 |

TO:   THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Netflix Inc. ("Netflix"), Curtis Jackson (professionally known as "50 Cent") ("Jackson"), Alexandria Stapleton ("Stapleton"), G-Unit Film & Television, Inc. (erroneously identified as "G-Unit Films and Television Inc.") ("G-Unit"), House of NonFiction Productions, Inc. (erroneously identified as "House of Nonfiction Inc.") ("House of NonFiction"), and West Tower Road LLC ("West Tower Road," and together with all of the foregoing, "Defendants"), by their undersigned counsel Pryor Cashman LLP, hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York on the following grounds:

## BACKGROUND

*Procedural Background*

1.      Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and orders obtained by Defendants from the New York County Clerk, along with copies of the docket sheet, are annexed as **Exhibits A** through **D**. (No defendant has been served, so no process is attached.)

2. On December 26, 2025, Plaintiff filed his papers in hard copy under Index No. 101491-2025. (*See* **Ex. A**, Supreme Court Records On-Line Library ("SCROLL") docket sheet for Index No. 101491-2025, as of January 27, 2026.) Specifically, Plaintiff filed: (1) an Application to Waive Court Costs, Fees, and Expenses (**Ex. B**), and (2) the Summons and Verified Complaint (**Ex. C**, the "Verif. Compl."). Plaintiff's application to waive costs, fees, and expenses was granted on January 5, 2026 (**Ex. D**).

3. As of the date of filing this Notice of Removal, none of the Defendants has been served with the Summons and Verified Complaint.

### *Citizenship of the Parties*

4. Plaintiff alleges that he is a resident and citizen of the State of New Jersey. (Verif. Compl. ¶ 6; *see also id.* at ¶ 51 (identifying "Plaintiff's home in New Jersey"), p. 47 (identifying mailing address in Carteret, New Jersey).)

5. Netflix is alleged to be a Delaware corporation with its principal place of business in California (*id.* ¶ 7), and is in fact a Delaware corporation with its principal place of business in California.

6. Jackson is alleged to be "an individual who, upon information and belief, resides in the State of New York[.]" (*Id.* ¶ 8.) In fact, Jackson is a citizen of Texas.

7. Stapleton is alleged to be "an individual who, upon information and belief, resides in the State of New York[.]" (*Id.* ¶ 9.) In fact, Stapleton is a citizen of Texas.

8. G-Unit is alleged to be, "upon information and belief, a New York corporation with its principal place of business in New York[.]" (*Id.* ¶ 10.) G-Unit is, in fact, a New York corporation, but its principal place of business is in California.

9. House of NonFiction is alleged to be, "upon information and belief, a New York corporation with its principal place of business in New York[.]" (*Id.* ¶ 11.) In fact, House of NonFiction is a Texas corporation with its principal place of business in Texas.

10. West Tower Road is alleged to be, "upon information and belief, a New York limited liability company[.]" (*Id.* ¶ 12.) West Tower Road is, in fact, a limited liability company, but its members are all citizens of Texas.

## BASIS FOR REMOVAL

1. In this action, Plaintiff asserts claims against certain alleged producers and distributor of the documentary series, "Sean Combs: The Reckoning," (the "Documentary")[1] which includes interview footage and photographs provided by Plaintiff pursuant to an Appearance Release and a Materials License Agreement between Plaintiff and West Tower Road. (*Id.* ¶¶ 1, 12, 39, 80, 116.)

2. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. Pursuant to 28 U.S.C § 112(b), the United States District Court for the Southern District of New York is the federal judicial district embracing the Supreme Court of the State of New York for the County of New York, where this action originally was filed.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that Plaintiff (a citizen of New Jersey) and Defendants (citizens of Delaware, California, New

---

[1] The Verif. Compl. misidentifies the Documentary as "Diddy: The Making of a Bad Boy" (Verif. Compl. ¶ 1), which is a different documentary concerning Sean Combs, p/k/a "Diddy," produced by the NBCUniversal streaming service Peacock.

York, and Texas) are citizens of different states, and the alleged matter in controversy ($20,000,000) exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Specifically, Plaintiff is a citizen of New Jersey. (Verif. Compl. ¶¶ 6, 51 and p. 47.)

6. Stapleton and Jackson are natural persons who are each citizens of Texas.

7. Netflix, G-Unit, and House of NonFiction are corporations, and are citizens where they are incorporated and where their principal places of business are located, *i.e.,* Delaware and California for Netflix; New York and California for G-Unit; and Texas for House of NonFiction. *Curtis v. 360 Bus. Mgmt., Inc.*, No. 25-CV-03415 (KMK), 2025 WL 3158702, at *5 (S.D.N.Y. Nov. 12, 2025) ("For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business.") (quoting *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

8. West Tower Road is an LLC whose members are Stapleton and House of NonFiction, who are each citizens of Texas; West Tower Road is therefore also a citizen of Texas. *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) ("A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.")

9. Plaintiff claims monetary damages of $20,000,000 (Verif. Compl. at p. 45), which is above the statutory minimum of $75,000 for diversity jurisdiction. 28 U.S.C. § 1332(a); *Curtis*, 2025 WL 3158702 at *5 ("This Court recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.") (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

10. Removal is proper notwithstanding that one defendant, G-Unit, is a citizen of the state in which Plaintiff initially filed suit, New York, because G-Unit has not yet been properly

served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("[28 U.S.C. § 1441(b)(2)] is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under 28 U.S.C. § 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Hardman v. Bristol-Myers Squibb Co.*, No. 18-CV-11223 (ALC), 2019 WL 1714600, at *1 (S.D.N.Y. Apr. 17, 2019) ("In this Circuit, when a plaintiff launches a state court action against multiple defendants, including both in-state and out-of-state residents, an out-of-state residing defendant may re-move the case if they effect removal before the plaintiff serves the initial complaint on the in-state defendants.")

11.     This Notice of Removal is timely. *See Troman v. Am. Fed'n of State*, No. 16-CV-6948 (JPO), 2016 WL 5940924, at *4-5 (S.D.N.Y. Oct. 13, 2016) (denying remand of case properly removed following "filing," meaning "the delivery of the summons with notice, summons and complaint or petition to the clerk of court in the county in which the action . . . is brought.")

12.     Upon the filing of this Notice of Removal, Defendants shall provide notice of the removal to the Clerk of the Supreme Court of New York, New York County, and to Plaintiff, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants respectfully request that this Court remove this civil action now pending in the Supreme Court of New York, New York County to the United States District Court for the Southern District of New York.

Dated: New York, New York
       January 28, 2026

                          PRYOR CASHMAN LLP

                        By: _____
                             Ilene Farkas
                             Kaveri Arora
                             Helen P. Hunter
                        7 Times Square
                        New York, NY  10036
                        Tel. (212) 421-4100

                        *Attorneys for Defendants Netflix Inc., Curtis Jackson, Alexandria Stapleton, G-Unit Film & Television, Inc., House of NonFiction Productions, Inc., and West Tower Road LLC*