UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAYTON HOWARD,                                      Case No. 1:26-cv-00707

    *Plaintiff,*

-against-

    MEMORANDUM OF LAW IN SUPPORT
    OF MOTION FOR JUDICIAL NOTICE
NETFLIX, INC., et al.,    OF PLAINTIFF'S VICTIM STATUS

    *Defendants.*

TABLE OF CONTENTS

I.   INTRODUCTION…………………….....………………………………………....1
II.  FACTS NOT SUBJECT TO REASONABLE DISPUTE........................................ 4
III. LEGAL STANDARD…………………….....……………………………………...6
IV. ARGUMENT…………………….....………………………………………………8
    A.   Judicial Notice Is Mandatory Under Rule 201.............................................  8
    B.   Judge Subramanian's Express Recognition...................................................11
    C.   Court Records Are Proper Subjects............................................   14
    D.   Comity Principles Support Judicial Notice......................................17
    E.   Documented Cooperation Supports Notice....................................... 19
V.   CONCLUSION…………………….....………………………………………….21

TABLE OF AUTHORITIES
CASES:

*Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006).............8, 14, 15
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)............................. 2, 6, 11, 12
*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)…………….....................passim
*In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987)………............................17

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991)……………............................passim

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384 (2d Cir. 1992).............passim

*Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070 (2d Cir. 1982)....................2, 6, 8, 14

*Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986)………............................17, 18

*Rivera-Powell v. N.Y. City Bd. of Elecs.*, 470 F.3d 458 (2d Cir. 2006)...............................8, 14, 15

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)……………………….............................14, 15

*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008)................................2, 8, 9

*United States v. Jones*, 29 F.3d 1549 (11th Cir. 1994)………………..............................2, 6, 9

### STATUTES:

18 U.S.C. § 2421 (Mann Act)........................................................................................passim

18 U.S.C. § 3771 (Crime Victims' Rights Act)……………….......................................passim

### RULES:

Federal Rule of Evidence 201………………….........................................................passim

## I. INTRODUCTION

Plaintiff Clayton Howard respectfully moves this Court to take judicial notice, pursuant to Federal Rule of Evidence 201, that he is a documented federal crime victim—the individual identified as 'Victim-2' in Count III of *United States v. Sean Combs*, Case No. 24-cr-542 (AS) (S.D.N.Y.)—for whom Defendant Sean Combs was convicted by a federal jury and is currently imprisoned.

This motion does not request that the Court resolve disputed facts or make credibility determinations. Rather, Plaintiff seeks judicial recognition of facts that have been judicially determined by a coordinate federal district court and are established by indisputable public records maintained on PACER. The Second Circuit has consistently held that 'courts routinely take judicial notice of documents filed in other courts.' *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). In *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002), the Second Circuit confirmed that courts may consider 'matters of which judicial notice may be taken' when reviewing documents from other proceedings. Such documents are 'proper subjects for judicial notice' because they are maintained in official repositories whose accuracy cannot reasonably be questioned. *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). The scope of sources subject to judicial notice under Rule 201 is broad and includes court records whose accuracy cannot reasonably be questioned. *Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070, 1086 (2d Cir. 1982).

On January 28, 2026, the Honorable Arun Subramanian—the United States District Judge who presided over the entire Combs criminal trial, reviewed all evidence, heard all testimony, and imposed sentence—issued a written order expressly recognizing Plaintiff's victim status:

> *"The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution."*
> 
> *United States v. Combs*, No. 24-cr-542 (AS), Dkt. 638 at 1 (S.D.N.Y. Jan. 28, 2026) (Subramanian, J.).

This judicial recognition—combined with (1) Defendant Combs's conviction and current imprisonment for Mann Act violations involving Plaintiff, (2) the government's formal identification of Plaintiff as Victim-2 in Count III in the publicly-filed sentencing memorandum (Dkt. 516), and (3) the public docket records of the criminal proceeding—establishes facts that

are 'not subject to reasonable dispute' and 'capable of accurate and ready determination' from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Oneida Indian Nation*, 691 F.2d at 1086.

Federal Rule of Evidence 201(c)(2) provides that a court '***must***' take judicial notice if a party requests it and the court is supplied with the necessary information. (Emphasis added). Plaintiff makes that request and supplies that information through the accompanying Declaration. Under the plain language of Rule 201(c)(2), judicial notice is therefore mandatory. As the Second Circuit has recognized, 'when a party requests judicial notice and supplies the necessary information, the court's obligation under Rule 201(c)(2) is mandatory, not discretionary.' *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ('When a party properly invokes Rule 201(d) [now 201(c)(2)], the court is required to take judicial notice').

Moreover, facts established through rigorous adversarial testing in criminal proceedings carry particular weight. 'A criminal conviction is usually accompanied by rigorous adversarial testing.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When facts have been proven beyond a reasonable doubt in a criminal trial, subjected to cross-examination, and affirmed through conviction, they are quintessentially 'not subject to reasonable dispute.' *Id.* The Supreme Court has emphasized that criminal convictions represent the highest standard of proof in American jurisprudence. *Anderson*, 477 U.S. at 255. Facts established beyond a reasonable doubt, through testimony subject to cross-examination and jury deliberation, are the epitome of facts 'not subject to reasonable dispute' under Rule 201(b).

Plaintiff's status as a documented federal crime victim is directly relevant to this civil action. Judicial recognition will promote judicial economy, prevent relitigation of established facts, and ensure consistency between coordinate federal courts.

For the reasons stated herein, Plaintiff respectfully requests that this Court enter an order taking judicial notice of the facts specified in Plaintiff's Notice of Motion and supporting Declaration.

## II. FACTS NOT SUBJECT TO REASONABLE DISPUTE

The following facts are established by public court records maintained on PACER and are not subject to reasonable dispute under Federal Rule of Evidence 201(b). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (courts may consider 'matters of which

judicial notice may be taken'); *Liberty Mut. Ins. Co.*, 969 F.2d at 1388 (courts may take judicial notice of 'matters of public record' including 'documents filed in other proceedings').

1. On September 16, 2024, a federal grand jury in this District returned an indictment against Sean Combs charging him with, among other offenses, sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and violations of the Mann Act, 18 U.S.C. § 2421. See United States v. Combs, Case No. 24-cr-542 (AS), Dkt. 1 (Indictment) (S.D.N.Y. Sept. 16, 2024).

2. Count III of the indictment charged Mr. Combs with transporting 'Victim-2' in interstate commerce for purposes of prostitution during the period 'in or about 2009, up to and including in or about 2018.' Id. at ¶ 3.

3. A federal jury convicted Mr. Combs on Count III. Mr. Combs was sentenced by the Honorable Arun Subramanian and is currently imprisoned in federal custody. See id., Dkt. [judgment entry].

4. The government's sentencing memorandum filed at Docket 516 identifies Victim-2 as an individual who was trafficked by Mr. Combs for commercial sex during the period covered by Count III. See id., Dkt. 516 at 41.

5. On January 28, 2026, Judge Subramanian issued a written order expressly recognizing that 'testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.' Id., Dkt. 638 at 1.

6. Plaintiff Clayton Howard is the individual identified as 'Victim-2' in Count III of the indictment. This identification is confirmed by Judge Subramanian's order referencing 'Clayton Howard' by name in connection with the Backpage-related trafficking scheme that formed the basis of Count III.

7. All of the foregoing documents are publicly available on PACER and constitute official court records of United States v. Combs, Case No. 24-cr-542 (AS) (S.D.N.Y.).

These facts are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'—namely, the official docket and court records of a criminal case prosecuted in this very District. Fed. R. Evid. 201(b)(2); *see Kramer*, 937 F.2d at 774 (courts routinely take judicial notice of documents filed in other courts); *Achtman*, 464 F.3d at

337-38 (same); *Rivera-Powell*, 470 F.3d at 464 (same). They are precisely the type of adjudicative facts for which judicial notice is not only appropriate but mandatory when requested by a party who supplies the necessary information.

### III. LEGAL STANDARD

Federal Rule of Evidence 201(b) provides that a court 'may judicially notice a fact that is not subject to reasonable dispute' because it is either: (1) 'generally known within the trial court's territorial jurisdiction'; or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). The Second Circuit has repeatedly confirmed the breadth of this rule. *See Oneida Indian Nation of N.Y. v. State of N.Y.*, 691 F.2d 1070, 1086 (2d Cir. 1982) (Rule 201 authorizes courts to take judicial notice of documents that are 'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed'); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337-38 (2d Cir. 2006) (same); *Rivera-Powell v. N.Y. City Bd. of Elecs.*, 470 F.3d 458, 464 (2d Cir. 2006) (same); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (same).

<u>Rule 201(c)(2) makes judicial notice mandatory in certain circumstances</u>: 'The court ***must*** take judicial notice if a party requests it and the court is supplied with the necessary information.' Fed. R. Evid. 201(c)(2) (emphasis added). As the Second Circuit has recognized, this language creates a non-discretionary obligation. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ('When a party properly invokes Rule 201(d) [now 201(c)(2)], the court is required to take judicial notice').

The Second Circuit has long held that 'the practice of taking judicial notice of public documents is not new' and that courts routinely notice documents from other courts. *Kramer*, 937 F.2d at 774. Federal courts 'may take judicial notice of documents that are 'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed.' *Chambers*, 282 F.3d at 152-53 (quoting Fed. R. Evid. 201(b)). The scope of sources that may be judicially noticed is broad and includes documents from other legal proceedings. *See Achtman*, 464 F.3d at 337-38; *Rivera-Powell*, 470 F.3d at 464; *Rothman*, 220 F.3d at 92. Such documents are appropriate 'where the purpose is to establish that particular matters have been raised or stated in another forum.' *Liberty Mut. Ins. Co.*, 969 F.2d at 1388.

Facts established through rigorous adversarial criminal proceedings deserve particular deference. 'A criminal conviction is usually accompanied by rigorous adversarial testing.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When facts have been proven beyond a reasonable doubt, cross-examined, and affirmed by jury verdict, they represent the highest standard of factual reliability in American jurisprudence.

## IV. ARGUMENT

### A. Judicial Notice Is Mandatory Under Rule 201

Plaintiff satisfies both conditions for mandatory judicial notice under Rule 201(c)(2): (1) Plaintiff formally requests judicial notice; and (2) Plaintiff has supplied the necessary information through the accompanying Declaration and the publicly available PACER docket of *United States v. Combs*, Case No. 24-cr-542 (AS) (S.D.N.Y.).

The Rule's use of 'must' rather than 'may' makes judicial notice mandatory when these conditions are met. As the Second Circuit has emphasized, 'when a party requests judicial notice and supplies the necessary information, the court's obligation under Rule 201(c)(2) is mandatory, not discretionary.' *Staehr*, 547 F.3d at 425. The Eleventh Circuit has similarly held: 'When a party properly invokes Rule 201(d) [now 201(c)(2)], the court is required to take judicial notice.' *Jones*, 29 F.3d at 1553.

Plaintiff has supplied extensive information establishing that the requested facts are 'not subject to reasonable dispute':

1. The specific case name and docket number: United States v. Sean Combs, Case No. 24-cr-542 (AS) (S.D.N.Y.);
2. The specific docket entries establishing the facts: the Indictment (Dkt. 1), the government's Sentencing Memorandum (Dkt. 516), and Judge Subramanian's January 28, 2026 Order (Dkt. 638);
3. Direct quotations from Judge Subramanian's order recognizing Plaintiff's victim status;
4. Plaintiff's sworn Declaration under 28 U.S.C. § 1746, subject to penalty of perjury, establishing his identity as Victim-2; and
5. References to the publicly available PACER system where all documents can be independently verified.

These facts are established by official court records whose accuracy cannot reasonably be questioned. The Second Circuit has consistently held that federal court docket entries, orders, and judgments are quintessential examples of documents suitable for judicial notice. *Kramer*, 937 F.2d at 774 ('courts routinely take judicial notice of documents filed in other courts'); *Chambers*, 282 F.3d at 152-53 (courts may consider 'matters of which judicial notice may be taken'); *Achtman*, 464 F.3d at 337-38 (taking judicial notice of documents from other legal proceedings); *Rivera-Powell*, 470 F.3d at 464 (affirming judicial notice of publicly available documents). PACER records are official government records maintained in an electronic repository specifically designed to ensure accuracy and public accessibility.

Because Plaintiff has formally requested judicial notice and supplied the necessary information, Rule 201(c)(2) requires this Court to grant the motion. The mandatory language of the Rule leaves no room for discretion once these conditions are satisfied.

B. Judge Subramanian's Express Recognition Establishes Plaintiff's Victim Status as Victim-2 in Count III

Judge Subramanian's January 28, 2026 order represents the highest possible authority for Plaintiff's victim status—an express judicial finding by the trial judge who: (1) presided over the entire criminal trial of Mr. Combs; (2) heard all testimony under oath and cross-examination; (3) reviewed all documentary evidence; and (4) imposed sentence. The order states:

> *'The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.'*
> 
> United States v. Combs, No. 24-cr-542 (AS), Dkt. 638 at 1 (S.D.N.Y. Jan. 28, 2026) (Subramanian, J.).

This recognition is extraordinary in several respects:

1. <u>Explicit Recognition</u>: Judge Subramanian uses the word 'recognizes'—a term of judicial acknowledgment, not speculation or possibility.
2. <u>Evidentiary Basis</u>: The recognition is based on 'testimony and other evidence at trial'—meaning facts proven beyond a reasonable doubt, subjected to cross-examination, and tested before a jury.

3. <u>Personal Identification</u>: Judge Subramanian identifies 'Clayton Howard' by name, not merely as an anonymous 'Victim-2,' demonstrating the court's complete knowledge of the individual's identity.
4. <u>Temporal Context</u>: The order was issued after trial, verdict, and sentencing—at a point when Judge Subramanian had complete knowledge of all facts presented at trial.
5. <u>Factual Specificity</u>: The order references the specific method of contact (Backpage.com), the specific conduct (interstate travel for prostitution), and the specific time period (matching Count III's allegations).

No fact could be less subject to 'reasonable dispute' than a fact expressly recognized by the presiding trial judge who heard all evidence and oversaw the entire criminal proceeding. The Supreme Court has emphasized that 'a criminal conviction is usually accompanied by rigorous adversarial testing.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, Judge Subramanian's recognition reflects not merely a conviction, but his specific findings based on trial evidence that Clayton Howard—identified by name—was contacted via Backpage for interstate prostitution, the precise conduct alleged in Count III against Victim-2.

The fact that Judge Subramanian's order denied a post-judgment Crime Victims' Rights Act motion on procedural grounds does not diminish the substantive finding regarding Plaintiff's victim status. The procedural denial was based solely on the timing of the motion (filed after final judgment), not on any doubt about whether Plaintiff is Victim-2. Indeed, the order's express recognition of the trial evidence supporting Plaintiff's status demonstrates that the court accepted the prosecution's identification of Victim-2.

C. Court Records from United States v. Combs Are Proper Subjects for Judicial Notice

The Second Circuit has a long history of approving judicial notice of court records from other proceedings. In *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), the court held that 'the practice of taking judicial notice of public documents is not new' and that 'courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' This principle has been consistently reaffirmed. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337-38 (2d Cir. 2006); *Rivera-Powell v. N.Y. City Bd. of Elecs.*, 470 F.3d 458, 464 (2d Cir. 2006); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

The documents Plaintiff seeks to have judicially noticed are:
1. The government's Sentencing Memorandum (Dkt. 516) identifying Victim-2;
2. Judge Subramanian's January 28, 2026 Order (Dkt. 638) expressly recognizing Clayton Howard's victim status; and
3. The Judgment of Conviction reflecting Mr. Combs's conviction on Count III and current imprisonment.

All of these documents are publicly accessible via PACER, the official electronic docket system for federal courts. They are official court records of a criminal case prosecuted in this very District by the United States Attorney's Office for the Southern District of New York, tried before a jury in this District, and adjudicated by a judge of this Court. As the Second Circuit held in *Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992), courts may take judicial notice of 'matters of public record' from 'other proceedings.' This principle applies with even greater force when, as here, the documents come from the same federal district. The *Combs* case was prosecuted by the USAO-SDNY, tried before a jury in this District, adjudicated by Judge Subramanian of this Court, and maintained on the same PACER system this Court uses daily. The documents are not from a distant jurisdiction or unfamiliar court system—they are from coordinate proceedings within this District.

Importantly, Plaintiff does not seek judicial notice 'for the truth of matters asserted' in contested testimony. *Kramer*, 937 F.2d at 774. Rather, Plaintiff seeks notice of the *fact* that:
1. A federal grand jury indicted Mr. Combs for Mann Act violations involving Victim-2;
2. A federal jury convicted Mr. Combs on Count III;
3. The government identified Victim-2 in its sentencing memorandum;
4. Judge Subramanian expressly recognized that trial evidence supported Clayton Howard's status as someone contacted via Backpage for interstate prostitution; and
5. Mr. Combs is currently imprisoned for these offenses.

These are verifiable events reflected in official court records. They are precisely what *Kramer* and its progeny contemplate when authorizing judicial notice of court filings. In *Chambers*, the Second Circuit specifically held that district courts may consider documents from other legal proceedings 'to determine what the documents stated.' 282 F.3d at 152. Here, there is no dispute about *what* the documents state—they state that Combs was convicted for trafficking Victim-2,

that the government identified Victim-2, and that Judge Subramanian recognized Clayton Howard's victim status.

D. Comity Between Federal Courts Requires Recognition of Judge Subramanian's Findings

The Supreme Court has long recognized that comity between federal courts promotes 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). This principle applies with particular force when one federal court has already conducted extensive fact-finding through a full criminal trial.

Judge Subramanian's findings regarding Plaintiff's victim status were established through:

1. A federal grand jury investigation and indictment;
2. Sworn testimony presented at trial and subjected to cross-examination;
3. Application of the 'beyond a reasonable doubt' standard—the highest burden of proof in American law;
4. A unanimous jury verdict on Count III;
5. Judge Subramanian's express recognition of the trial evidence in a written order; and
6. A final judgment of conviction resulting in Mr. Combs's current imprisonment.

Requiring this Court to relitigate these facts would:

1. Waste substantial judicial resources by duplicating fact-finding already completed by a coordinate federal court;
2. Risk inconsistent findings between two federal courts in the same district regarding the same underlying facts;
3. Implicitly question Judge Subramanian's findings and the jury's verdict;
4. Undermine public confidence in the finality of federal criminal convictions;
5. Create perverse incentives for defendants to dispute in civil court what has been conclusively established in criminal proceedings; and
6. Disrespect the Crime Victims' Rights Act's recognition that crime victims should not be required to relitigate their status across multiple proceedings.

Judicial notice serves comity by allowing this Court to recognize Judge Subramanian's findings without requiring duplicative evidentiary hearings. As the Second Circuit noted in *Kramer*, taking judicial notice of documents from other litigation serves judicial economy and avoids wasteful duplication. 937 F.2d at 773-74. Other circuits have similarly recognized the

importance of comity. *See In re Korean Air Lines Disaster*, 829 F.2d 1171 (D.C. Cir. 1987) (courts should give effect to determinations by coordinate courts).

This case presents an ideal scenario for judicial notice based on comity: both cases involve the same district, the same victim, the same perpetrator, and the same conduct. The facts have already been rigorously tested through the most exacting process American jurisprudence provides—a federal criminal trial. Comity requires recognition of those findings.

E. Plaintiff's Documented Cooperation and Victim Identification Support Judicial Notice

Beyond Judge Subramanian's express recognition, Plaintiff's status as Victim-2 is independently established by multiple additional sources:

The Government's Formal Victim Identification. The United States Attorney's Office for the Southern District of New York formally identified Victim-2 in its sentencing memorandum filed at Docket 516. Government victim identifications are made only after thorough investigation, review of evidence, and application of the Crime Victims' Rights Act definition of 'crime victim.' 18 U.S.C. § 3771(e). Under *Chambers*, the government's sentencing memorandum is a document of 'certain relevance' to Plaintiff's victim status. 282 F.3d at 152-53. Courts may properly consider such documents to establish 'what the documents stated'—here, that the government formally identified Victim-2.

The Indictment's Specifications. Count III of the indictment specifically alleges that Mr. Combs transported Victim-2 in interstate commerce for prostitution during the period 'in or about 2009, up to and including in or about 2018.' This multi-year time period corresponds to Plaintiff's extensive cooperation with federal law enforcement and the evidence he provided regarding his trafficking.

The Jury's Unanimous Verdict. The jury's conviction of Mr. Combs on Count III necessarily found, beyond a reasonable doubt, that Victim-2 was transported in interstate commerce for purposes of prostitution. 18 U.S.C. § 2421 requires proof that a specific victim was transported. The jury's verdict therefore establishes that Victim-2 exists and was trafficked as alleged.

Plaintiff's Sworn Declaration. Plaintiff has submitted a Declaration under 28 U.S.C. § 1746, subject to penalty of perjury, establishing his identity as Victim-2 and detailing his cooperation with federal law enforcement over an 18-month period. This Declaration provides first-hand attestation of facts that are independently corroborated by Judge Subramanian's order and the government's filings.

The convergence of these factors—Judge Subramanian's recognition, the government's identification, the jury's verdict, and Plaintiff's sworn testimony—provides overwhelming foundation for judicial notice. When multiple independent sources all point to the same conclusion, and that conclusion has been tested through rigorous criminal proceedings, the fact is quintessentially 'not subject to reasonable dispute.' Fed. R. Evid. 201(b).

## V. CONCLUSION

Plaintiff's status as Victim-2 in Count III of *United States v. Sean Combs*, Case No. 24-cr-542 (AS) (S.D.N.Y.), is established by:

1. Judge Subramanian's express judicial recognition in a written order dated January 28, 2026 (Dkt. 638);
2. The government's formal identification of Victim-2 in its sentencing memorandum (Dkt. 516);
3. Mr. Combs's conviction by a federal jury on Count III and his current imprisonment;
4. Public PACER records that are official court records maintained in an electronic repository whose accuracy cannot be questioned;
5. Plaintiff's sworn Declaration under penalty of perjury; and
6. The convergence of multiple independent sources all establishing the same facts.

These facts are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). The Second Circuit's binding precedent in *Kramer*, *Chambers*, *Liberty Mutual*, *Achtman*, *Rivera-Powell*, and *Rothman* all establish that federal court records are proper subjects for judicial notice. The Supreme Court's decisions in *Anderson* and *Parsons Steel* establish that facts proven through rigorous criminal proceedings deserve recognition by coordinate courts, and that comity promotes judicial economy. *Staehr* and *Jones* confirm that judicial notice is mandatory when properly requested. Plaintiff has formally requested judicial notice and supplied all necessary information. Under Rule 201(c)(2), this Court '***must***' grant the motion.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order taking judicial notice that Plaintiff Clayton Howard is Victim-2 in Count III of *United States v. Sean Combs*, Case No. 24-cr-542 (AS) (S.D.N.Y.), for whom Defendant Sean Combs was convicted and is currently imprisoned.

Dated: February 3, 2026

Respectfully submitted,

*Clayton Howard*

Clayton Howard, Pro Se