UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CLAYTON HOWARD,                                   Case No. 1:26-cv-00707
     *Plaintiff*

-against-                                         DECLARATION OF
                                                                CLAYTON HOWARD IN SUPPORT
NETFLIX, INC., et al.,                            OF MOTION FOR JUDICIAL NOTICE
     *Defendants,*                               OF VICTIM STATUS

_____

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge:

## I. PERSONAL BACKGROUND

1. My name is Clayton Howard. I am over 18 years of age and competent to make this declaration. I reside at 24 Orchard Street, Carteret, New Jersey 07008.

2. I am the Plaintiff in this civil action, Case No. 1:26-cv-00707, which was originally filed in New York State Supreme Court and was removed to this Court by Defendants on January 28, 2026.

3. I am representing myself pro se in this matter. I am in pursuit of a Law Degree in the State of New Jersey and have experience with federal litigation procedures.

## II. MY STATUS AS A NAMED VICTIM IN UNITED STATES V. SEAN COMBS

A. The Federal Criminal Case

4. On or about September 16, 2024, a federal grand jury in this District returned an indictment against Sean Combs charging him with, among other offenses, sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and violations to the Mann Act (18 U.S.C. § 2421).

5. Mr. Combs was convicted by a jury of his peers for violations of 18 U.S.C. § 2421 (The Mann Act), and was sentenced before the Honorable Arun Subramanian in this District in *United States v. Sean Combs*, Case No. 24-cr-542 (AS).

6. I am identified in the sentencing memorandum (Dkt. 516) as a named victim in Count III (Sex Trafficking). Specifically, the sentencing memorandum states that Sean Combs engaged in violations of the Mann Act (18 U.S.C. § 2421) with respect to "Victim-2."

7. I am "Victim-2" as identified in Count III of the indictment in *United States v. Sean Combs*, Case No. 24-cr-542 (AS).

8. My status as a victim in the Combs criminal case is a matter of public record. The sentencing memorandum (Dkt. 516) is publicly available on PACER and through the Court's public docket.

B. The Nature of My Victimization

9. Between approximately 2009 and 2019, I was a victim of sex trafficking as defined under 18 U.S.C. § 1591. I was recruited, harbored, transported, and provided for the purposes of commercial sex acts that were induced through fraud and coercion.

10. Specifically, I was paid to fly from New York City to Los Angeles and from New York City to Miami over a period of approximately eight years for the purpose of engaging in sexual activities with Casandra "Cassie" Ventura. These trips were arranged by Casandra Ventura and paid for by Sean "Diddy" Combs and Ms. Ventura.

11. I possess substantial documentary evidence supporting my status as a sex trafficking victim, including but not limited to:
    a. Airline ticket records and receipts documenting flights from New York to Los Angeles and Miami during the relevant time period (2009-2018);
    b. Hotel photographic records for stays in Los Angeles and Miami during those trips;
    c. Communications with federal law enforcement regarding my cooperation in the Combs investigation.

C. My Cooperation with Federal Law Enforcement

12. I have cooperated fully with federal law enforcement authorities in the investigation and prosecution of Sean Combs. I provided statements, documentary evidence, and other information to prosecutors at the United States Attorney's Office for the Southern District of New York.

13. I provided much of this documentary evidence to federal prosecutors to support the charges in Count III of the Combs indictment.

14. I am also the only participant in the Netflix documentary "Diddy: The Making of a Bad Boy" who is named a victim under a direct count (Count III) for which Mr. Combs was convicted and is currently serving a federal prison sentence.

### III. JUDGE SUBRAMANIAN'S EXPRESS JUDICIAL RECOGNITION OF MY VICTIM STATUS

15. Most significantly, Judge Arun Subramanian (the federal district judge who presided over the entire Combs criminal trial, reviewed all evidence, heard all testimony, and imposed sentence) has expressly recognized my victim status in a written order dated January 28, 2026.

16. In that order, which is publicly available on PACER as Docket 638 in Case No. 24-cr-542 (AS), Judge Subramanian explicitly stated:

    *"The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution."*

    *United States v. Sean Combs*, Case No. 24-cr-542 (AS), Dkt. 638 at 1 (S.D.N.Y. Jan. 28, 2026) (Subramanian, J.).

17. This is a direct judicial acknowledgment of my victimization by the trial judge who personally heard all the evidence, presided over the jury trial, reviewed the sentencing submissions, and imposed sentence on Defendant Combs. Judge Subramanian's recognition that "testimony and other evidence at trial may have supported" my trafficking through Backpage for interstate commercial sex is not speculation or advocacy, it is a finding based on the complete trial record before him.

18. The significance of Judge Subramanian's express recognition cannot be overstated. This is not a prosecutor's allegation. This is not a party's claim. This is a federal district judge's finding based on evidence presented at trial under oath, subjected to cross-examination, and evaluated under the rigorous standards of proof beyond a reasonable doubt.

19. Judge Subramanian's order further demonstrates that the Court accepted the prosecution's identification of me as Victim-2. The Court did not question, dispute, or

challenge my victim status. Indeed, Judge Subramanian explicitly "recognizes" my victimization. The only reason the Court denied my Crime Victims Rights Act motion was timing; the motion was filed after final judgment, not any doubt whatsoever about my status as a trafficking victim.

20. Moreover, Judge Subramanian directed the government to assist me in obtaining documentation for the Backpage Remission Program, stating:

    *"[T]o the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes"* Dkt. 638 at 2.

21. Judge Subramanian's express judicial recognition of my victim status constitutes the highest possible authority establishing that I am a documented federal crime victim. No fact could be less subject to "reasonable dispute" under Federal Rule of Evidence 201 than a fact expressly recognized by the federal judge who presided over the underlying criminal trial.

## IV. RELEVANCE OF MY VICTIM STATUS TO THIS CIVIL ACTION

### A. The Subject Matter of This Litigation

22. This civil action arises from Defendants production and distribution of the documentary "Diddy: The Making of a Bad Boy" (also referred to as "The Reckoning"), which aired on Netflix on December 2, 2024.

23. I participated in multiple interviews for the documentary in which I provided detailed testimony about my trafficking victimization. I explicitly informed Defendants that I was a sex trafficking victim and that Cassie Ventura was my primary trafficker.

24. Defendants were aware of my status as a cooperating witness and named victim in the federal criminal prosecution of Sean Combs at the time they interviewed me and produced the documentary.

25. I was assured that the "complete truth" would be told. I was brought back for another interview due to outreach to Vanessa Sanchez regarding the direction of my first interview, and my realization that it had been conducted to be one sided in favor of protecting my primary trafficker.

### B. Legal Significance of My Victim Status in This Case

26. My status as a federal crime victim is directly relevant to this civil action for several reasons:
    a. It triggers my rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771, including the right "to be treated with fairness and with respect for the victim's dignity and privacy."
    b. It supports my claims that Defendants engaged in fraudulent inducement by exploiting my vulnerability as a trafficking victim.
    c. It establishes the public policy foundation for my argument that contracts or releases that violate federal victim protections are unenforceable.
    d. It demonstrates my standing to assert federal statutory claims under the Trafficking Victims Protection Act (18 U.S.C. § 1595) and CVRA (18 U.S.C. § 3771).
    e. It establishes that Defendants' conduct in misrepresenting my testimony undermined my credibility as a cooperating federal witness.

V. IMPACT OF DEFENDANTS' CONDUCT ON MY FEDERAL VICTIM STATUS

27. Defendants' misrepresentation of my testimony in the documentary has caused significant harm to my role as a federal crime victim and cooperating witness:
    a. The documentary suppressed my truth, which is that Cassie Ventura was my primary trafficker, creating the false impression that Sean Combs alone was responsible for my victimization.
    b. This misrepresentation has damaged my credibility as Plaintiff in ongoing civil litigation against Casandra Ventura, who was my primary trafficker as detailed to Alexandra Stapleton during my interview.
    c. The documentary portrayed Cassie Ventura as a victim while completely suppressing my account that she trafficked me, thereby granting credibility to my trafficker at my expense.
    d. The Documentary sought to withhold my account documented months before the trial testimony of Casandra Ventura which directly contradicted the narrative told to the federal court.
    e. Defendants' conduct has re-traumatized me and violated my federal right to be treated with dignity and respect as a crime victim.

  f. The exploitation of my trauma for commercial gain (Netflix's documentary streaming revenue) constitutes continued victimization in violation of federal policy protecting trafficking victims.

28. I did not consent to having my story misrepresented or to being used as a pawn in Curtis Jackson's (50 Cent's) personal vendetta against Sean Combs.

## VI. PENDING CIVIL LITIGATION AGAINST COMBS AND VENTURA

29. In addition to cooperating with the federal criminal prosecution, I have filed a civil action against both Sean Combs and Casandra Ventura in the United States District Court for the Central District of California, Case No. CV25-06031(AH), filed on June 29, 2025.

30. That civil action seeks damages and other relief arising from the sex trafficking scheme perpetrated by Mr. Combs and Ms. Ventura against me over the approximately eight-year period pursuant to civil R.I.C.O 18 U.S.C. 1962(c) and (d).

31. The existence of this civil litigation is relevant to the present case because Defendants' documentary misrepresentation of my account has caused direct harm to my credibility and legal positions in that litigation.

## VII. REQUEST FOR JUDICIAL NOTICE

32. I respectfully request that this Court take judicial notice of the following facts, which are matters of public record and are not subject to reasonable dispute:

  a. *The existence of the federal criminal case United States v. Sean Combs, Case No. 24-cr-542 (AS), pending in this District.*

  b. The contents of the indictment in that case, including Count III charging sex trafficking in violation of 18 U.S.C. § 2421(The Mann Act).

  c. The identification of "Victim-2" in Count III as a person who was sex trafficked by Sean Combs during the period "in or about 2009, up to and including in or about 2018."

  d. That I am the individual identified as "Victim-2" in Count III of the indictment.

  e. Judge Subramanian's express judicial recognition of my victim status as documented in Docket 638 of the criminal case.

  f. That I am a documented victim of sex trafficking under federal law and am entitled to protections under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

33. These facts are appropriate for judicial notice under Federal Rule of Evidence 201(b) because they are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," specifically the public docket and court records in the Combs criminal case.

## VIII. IMPORTANCE OF JUDICIAL RECOGNITION

34. Formal judicial recognition of my victim status in this civil proceeding is important for several reasons:

    a. It will prevent Defendants from arguing that my victim status is irrelevant, unproven, or disputed.

    b. It will establish the foundation for application of Crime Victims' Rights Act protections to this proceeding.

    c. It will support my public policy arguments that contracts and releases violating federal victim protections are unenforceable.

    d. It will reinforce my standing to assert federal statutory claims available to trafficking victims.

    e. It will ensure that I am treated with the dignity and respect to which federal crime victims are entitled throughout this litigation.

35. I am not seeking any monetary relief through this motion. I am simply asking the Court to formally recognize what is already a matter of public record: that I am a named victim in Count III of the federal criminal prosecution of Sean Combs and am entitled to the protections afforded to federal crime victims.

## IX. CONCLUSION

36. Based on the foregoing, I respectfully request that this Court grant my Motion for Judicial Notice and issue an order recognizing my status as a named victim (Victim-2) in Count III of United States v. Sean Combs, Case No. 24-cr-542 (AS), and confirming that I am entitled to the protections of the Crime Victims' Rights Act in connection with this civil proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 29, 2026, in Carteret, New Jersey.

*Clayton Howard*
Clayton Howard
Plaintiff Pro Se
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com