**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2026

CLAYTON HOWARD,

                              **Plaintiff,**                    **26-CV-00707 (DEH)(SN)**

              -against-                                    **ORDER**

NETFLIX, INC., et al.,

                              **Defendants.**

-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is DENIED, without prejudice to renewal at a later date.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. Id. Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer lawyer time for those

litigants whose causes are truly deserving. <u>Cooper v. A. Sargenti Co., Inc.</u>, 877 F.2d 170, 172-73 (2d Cir. 1989).

In <u>Hodge</u>, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously" <u>Id.</u> at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

<u>Id.</u>; <u>see</u> <u>also</u> <u>Cooper</u>, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. <u>See</u> <u>Hendricks v. Coughlin</u>, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. <u>See</u> <u>Hodge</u>, 802 F.2d at 61.

### DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. <u>See</u> ECF No. 11. When Plaintiff filed his Application for the Court to Request Counsel, Plaintiff affirmed that his financial status had not changed. <u>See</u> ECF No. 22 at 1. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims under New York law and Federal law, alleging that Defendants conspired to defame Plaintiff and obstruct justice in a parallel criminal

proceeding. The Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance" or whether granting the request for "counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62.

Plaintiff's request for counsel is therefore denied without prejudice to renewal.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for *pro bono* counsel is denied without prejudice to Plaintiff's renewed application later in the case. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      February 27, 2026
            New York, New York

3