UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CLAYTON HOWARD,

     *Plaintiff*,

v.

NETFLIX INC;

CURTIS JACKSON a/k/a "50 CENT";

ALEXANDRIA STAPLETON;

G-UNIT FILMS AND TELEVISION INC.;

HOUSE OF NONFICTION INC.; and

WEST TOWER ROAD LLC,,

     *Defendant*,

Civil Action No. 1:26-cv-00707 (DEH)(SN)

DECLARATION OF CLAYTON HOWARD
IN SUPPORT OF MOTION FOR JUDICIAL
NOTICE OF PLAINTIFF'S VICTIM
STATUS

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge:

## I. PERSONAL BACKGROUND

1. My name is Clayton Howard. I am over 18 years of age and competent to make this declaration. I reside at 24 Orchard Street, Carteret, New Jersey 07008.

2. I am the Plaintiff in this matter, proceeding pro se. I am pursuing a law degree in the State of New Jersey and have substantial experience with federal court procedures from pro se representation in multiple federal cases.

## II. MY STATUS AS A VICTIM IN UNITED STATES v. SEAN COMBS

3. Between approximately 2009 and 2019, I was a victim of sex trafficking as defined under 18 U.S.C. § 1591 and 18 U.S.C. § 2421 (the Mann Act). I was recruited, harbored, transported,

and provided for the purposes of commercial sex acts that were induced through fraud, coercion, and financial manipulation.

4. Specifically, I was paid to fly from New York City to Los Angeles and from New York City to Miami over a period of approximately seven to eight years for the purpose of engaging in sexual activities with Casandra 'Cassie' Ventura. These trips were arranged by Defendant Ventura and financed by Defendant Sean 'Diddy' Combs and Defendant Ventura. Defendant Ventura was my primary trafficker and recruiter throughout this period.

5. I cooperated fully with federal law enforcement authorities in the investigation and prosecution of Sean Combs. Beginning in December 2023 and continuing through May 2025, I provided multiple detailed interviews, grand jury testimony, documentary evidence, and other information to prosecutors at the United States Attorney's Office for the Southern District of New York.

6. I am identified in the Government's Sentencing Memorandum (Dkt. 516, at 41) as a named victim in Count III (Mann Act violations) — specifically as 'Clayton Howard, a/k/a Dave.' The sentencing memorandum states that Sean Combs engaged in violations of 18 U.S.C. § 2421 with respect to victims of Count III during 'in or about 2009, up to and including in or about 2019.' A copy of the relevant page is attached hereto as Appendix C.

A. Judge Subramanian's Express Judicial Recognition of My Victim Status

7. Most significantly, Judge Arun Subramanian — the federal district judge who presided over the entire Combs criminal trial, reviewed all evidence, heard all testimony, and imposed sentence — has expressly recognized my victim status in a written order dated January 28, 2026 (Dkt. 638).

8. In that order, Judge Subramanian explicitly stated:

> *The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution.*

*United States v. Sean Combs*, No. 24-cr-542 (AS), Dkt. 638, at 1 (S.D.N.Y. Jan. 28, 2026). A true and correct copy of Dkt. 638 is attached hereto as Appendix A.

9. This is a direct judicial acknowledgment of my victimization by the trial judge who personally heard all the evidence. Judge Subramanian's recognition that 'testimony and other evidence at

trial may have supported' my trafficking through Backpage for interstate commercial sex is a finding based on the complete trial record.

10. Judge Subramanian's order further provides: '[T]o the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes.' Dkt. 638, at 2. This directive confirms that Judge Subramanian views me as a legitimate Backpage trafficking victim entitled to participate in the federal remission program.

11. The sole reason the Court denied my CVRA motion was timing — the motion was filed after final judgment — not any doubt about my victim status. The order is unambiguous on this point.

B. My Status as a Federal Crime Victim Is a Matter of Public Record

12. My status as a victim in the Combs criminal case is established by multiple sources of public record on this Court's own docket:

   a. The Government's Sentencing Memorandum (Dkt. 516, at 41) formally identifies me as a named victim in Count III. See Appendix C.

   b. Judge Subramanian's January 28, 2026 written order (Dkt. 638) expressly recognizes my victim status. See Appendix A.

   c. Sean Combs was convicted by jury verdict of Mann Act violations (18 U.S.C. § 2421) in Count III and is currently serving a federal sentence.

   d. Judge Subramanian directed the Government to assist me with my Backpage Remission Program application.

## III. DEFENDANT VENTURA'S TRIAL TESTIMONY

13. Defendant Casandra Ventura testified under oath at the Combs criminal trial. As documented in Appendix B (Analysis of Sworn Statements of Casandra Ventura), her testimony confirmed:

   a. That I, Clayton Howard, was one of her 'more frequently used men,' along with two others;

   b. That she arranged my interstate travel for commercial sex acts;

   c. That she used travel agents and paid for flights and hotels from her own resources;

    d.   That she promised to reimburse me for costs I advanced but frequently did not do so; and

    e.   That the conduct spanned the period from approximately 2009 through 2019.

14. This testimony was heard by Judge Subramanian and the jury, and forms part of the evidentiary basis for Judge Subramanian's recognition of my victim status in Dkt. 638. Appendix B provides a detailed analysis and summary of the relevant sworn statements.

15. I was present during these events. Defendant Ventura's trial testimony is consistent with my own first-hand knowledge regarding the conduct she described.

## IV. DEFENDANT CONDUCT CONFIRMED BY TRIAL EVIDENCE

16. My victimization was confirmed by substantial trial evidence presented in this matter, including:

a.. Sworn Testimony from Defendant Ventura, as described in Appendix B;

b.. Corroborating testimony that Defendant Combs's personal assistant, Kristina Khorram, arranged access to hotel suites, including at the Four Seasons Hotel in Los Angeles and other luxury accommodations;

c.. Documentary evidence including flight records, hotel bookings, financial transactions, and communications, which Judge Subramanian referenced in Dkt. 638 as evidence supporting that I 'was contacted via Backpage.com to travel across state lines'; and

d.. Specific incident testimony by Defendant Ventura regarding particular encounters that I can confirm from personal knowledge.

## V. PROSECUTORS' STRATEGIC SUPPRESSION OF MY TESTIMONY

17. Due to my extensive involvement with both Defendants over nearly a decade, I possessed intricate first-hand knowledge of the true conduct of Defendants within the conspiracy — knowledge that contradicted the Government's narrative at trial.

18. I had personal knowledge that Defendant Ventura was a willing and active participant in the trafficking scheme, not a coerced victim. This information, which I provided to prosecutors, directly contradicted Defendant Ventura's role as the Government's star witness.

19. I was assigned a pro bono attorney by the U.S. Attorney's Office, Ross Kramer, Esq., who purported to be my advocate. Mr. Kramer's actual function was to control my conduct and

prevent civil actions against Defendant Ventura so that she would not be discredited before trial. I have attached email documentation in support of these claims as Exhibit C.

20. I terminated Mr. Kramer's representation on or about May 1, 2025, after it became clear that his sole aim was to prevent the truth of my victimization from being exposed. I specifically told Mr. Kramer that 'I would not be a part of a lie.'

21. After termination, Mr. Kramer falsely reported to prosecutors that I was too 'mentally traumatized' to testify, and denied having been terminated, claiming instead to have recused himself. I became aware of this in December 2025, when I received Dkt. 602 in this case.

22. I have filed attorney grievances and seek sanctions and civil action against Mr. Kramer for the fabrication of this narrative, which was designed to interfere with my rights under 18 U.S.C. § 3771 and to prevent my testimony, which would have exposed Defendant Ventura.

## VI. DOCUMENTARY EVIDENCE IN MY POSSESSION

23. I possess substantial documentary evidence supporting my status as a sex trafficking victim, including:

    a. Airline ticket records and receipts documenting flights from New York to Los Angeles and Miami during the period 2009-2019;

    b. Hotel booking records and receipts, including reservations at the Four Seasons Hotel, the Beverly Hills Hotel, and other luxury accommodations;

    c. Communications with federal law enforcement regarding my cooperation in the Combs investigation, spanning from December 2023 through May 2025;

    d. Financial records documenting payments, promised reimbursements, and economic losses resulting from the trafficking scheme; and

    e. Communications with Defendant Ventura arranging interstate travel for commercial sex acts.

24. Much of this documentary evidence was provided to federal prosecutors and formed part of the evidence base supporting the charges in Count III and the trial evidence that Judge Subramanian referenced in Dkt. 638.

## II. REQUEST FOR JUDICIAL NOTICE

25. I respectfully request that this Court take judicial notice of the following facts, which are matters of public record on this Court's own docket and are not subject to reasonable dispute:

   a. The existence of United States v. Sean Combs, No. 24-cr-542 (AS), in this Court;

   b.  The contents of Count III of the indictment charging violations of the Mann Act, 18 U.S.C. § 2421;

   c. The Government's Sentencing Memorandum (Dkt. 516, at 41) identifying me as a named victim of Count III, specifically as 'Clayton Howard, a/k/a Dave';

   d. The January 28, 2026 Order of Judge Subramanian (Dkt. 638) expressly recognizing that 'testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution';

   e. Judge Subramanian's directive that the Government assist me with my Backpage Remission Program application (Dkt. 638, at 2);

   f. Sean Combs's conviction by jury verdict of Mann Act violations (18 U.S.C. § 2421) under Count III and his current incarceration; and

   g. That I am a documented victim of sex trafficking under federal law entitled to applicable protections, including under 18 U.S.C. § 3771 (CVRA) and 18 U.S.C. § 1595 (TVPA).

26. These facts are appropriate for judicial notice under Federal Rule of Evidence 201(b) because they are 'not subject to reasonable dispute' and are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' — specifically, the public docket and court records in this case, including Judge Subramanian's written order expressly recognizing my victim status.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2026, in Carteret, New Jersey.

*Clayton Howard*

CLAYTON HOWARD

Plaintiff Pro Se

## APPENDICES

Appendix A:   Order of Hon. Arun Subramanian, January 28, 2026 (Dkt. 638) — United States v. Sean Combs, No. 24-cr-542 (AS)

Appendix B:   Analysis of Sworn Statements of Casandra Ventura from Trial Testimony — United States v. Sean Combs, No. 24-cr-542 (AS)

Appendix C:   Sentencing Memorandum, Dkt. 516, at 41 — United States v. Sean Combs, No. 24-cr-542 (AS) (identifying Movant as Victim-2, Count III)

Exhibit C:    Attorney Misconduct — Email Documentation (Ross Kramer, Esq.)

Exhibit D:    Termination of Tyrone Blackburn, Esq.

Exhibit E:    Dkt. 602 — Government Reply to Movant's CVRA Motion

Exhibit F:    Movant's Supplemental Reply, Dkt. 602, No. 24-cr-542 (AS)

Exhibit G:    Pro Bono Counsel Emails Confirming Government Recognition of Movant as Victim