UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CLAYTON HOWARD, | Case No. 1:26-cv-00707(DEH)(SN) |
| Plaintiff, | ECF CASE |
| – against – | |
| NETFLIX, INC., CURTIS JACKSON (professionally known as "50 Cent"), ALEXANDRIA STAPLETON, G-UNIT FILMS AND TELEVISION INC., HOUSE OF NONFICTION INC., and WEST TOWER ROAD LLC, | |
| Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

**PRYOR CASHMAN LLP**
  Ilene Farkas
  Kaveri Arora
7 Times Square
New York, NY 10036
Tel: (212) 421-4100

*Attorneys for Defendants Netflix, Inc., Curtis Jackson, Alexandria Stapleton, G-Unit Film & Television, Inc., House of NonFiction Productions, Inc., and West Tower Road LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................... ii

INTRODUCTION ................................................................................................................1

LEGAL ARGUMENT ........................................................................................................2

    I.    Plaintiff's Requested Relief is Improper and the Facts are Irrelevant Here ....................2

        A.    Plaintiff's Requests Under the CVRA and TVPA Have No Basis In
These Proceedings ................................................................................................2

        B.    Combs' Conviction and Ventura's Testimony in That Proceeding Are
Similarly Irrelevant ..............................................................................................2

    II.    Plaintiff is Not Entitled to Judicial Notice Of His Alleged Victim Status ........................3

        A.    Legal Standard ......................................................................................................3

        B.    Each of Plaintiff's Requests for Judicial Notice Should Be Denied........................4

CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

**PAGE(s)**

## CASES

*Glob. Network Commc'ns, Inc. v. City of N.Y.*,
458 F.3d 150 (2d Cir. 2006)................................................................................................3, 6

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)....................................................................................................4

*Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*,
969 F.2d 1384 (2d Cir. 1992)..................................................................................................5

*McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*,
638 F.Supp.3d 333 (S.D.N.Y. 2022), *reconsideration denied*, No. 22-CV-
1138, 2023 WL 8440860 (S.D.N.Y. Oct. 16, 2023) ...............................................................4

*Meola v. Asset Recovery Sols., LLC*,
No. 17 Civ. 1017 (MKB) (RER), 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018).....................3

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008).....................................................................................................4

*U.S. v. Combs*,
No. 1:24-cr-00542 (AS) (S.D.N.Y.) .....................................................................................2, 5

## STATUTES AND RULES

18 U.S.C. § 2421...........................................................................................................................6

Crime Victims' Rights Act, 18 U.S.C. § 3771....................................................................1, 2, 5

Federal Rule of Evidence 201(b) ...........................................................................................1, 3, 6

Trafficking Victims Protection Act, 18 U.S.C. § 1595..............................................................1, 2

Defendants Netflix, Inc., Curtis Jackson (professionally known as "50 Cent"), Alexandria Stapleton, G-Unit Film & Television, Inc., House of NonFiction Productions, Inc.,[1] and West Tower Road LLC (collectively, the "Defendants") submit this Memorandum of Law in Opposition to Plaintiff Clayton Howard's ("Plaintiff") Motion for Judicial Notice of Movant's Victim Status.

## INTRODUCTION

Plaintiff seeks judicial notice of certain "facts" in order to "recognize" him as a victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA") and the Trafficking Victims Protection Act, 18 U.S.C. § 1595 ("TVPA"), none of which are relevant to this proceeding.

*First,* Plaintiff's claimed legal status as an alleged "victim" is plainly irrelevant to this litigation which arises out of Plaintiff's dissatisfaction with the four-episode documentary miniseries titled "Sean Combs: The Reckoning" (the "Series"). This is not a criminal proceeding and the CVRA is not implicated. Plaintiff's TVPA claim has not been adjudicated and any claim thereunder is facially deficient as a matter of law, as set forth in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 42).

*Second*, even if these facts were relevant to this dispute, his request for "judicial notice" is improper under Federal Rule of Evidence 201(b), as the "facts" at issue are subject to reasonable dispute. In addition, Plaintiff's request that the Court take judicial notice of the purported truth (or Plaintiff's strained interpretation of the truth) of information within documents he claims support his legal status as a "victim" is simply impermissible under Second Circuit precedent. Plaintiff's Motion for Judicial Notice of his Victim Status should be denied.

---

[1] Plaintiff erroneously identifies in his First Amended Complaint G-Unit Film & Television, Inc. as "G-Unit Films and Television Inc." and House of NonFiction Productions, Inc. as "House of Nonfiction Inc."

1

## LEGAL ARGUMENT

**I.      Plaintiff's Requested Relief is Improper and the Facts are Irrelevant Here**

**A.  Plaintiff's Requests Under the CVRA and TVPA Have No Basis In These Proceedings**

Plaintiff seeks recognition as a victim under the Crime Victims' Rights Act 18 U.S.C. § 3771 ("CVRA") and the Trafficking Victims Protection Act ("TVPA"). However, the CVRA applies in criminal matters, in order to provide crime victims with protections from the accused perpetrator of a crime, and to be reasonably included in and informed of any proceedings related to the accused. 18 U.S.C. § 3771(a). Of course, this is not a criminal action and therefore no rights under the CVRA are implicated.

Plaintiff's request for recognition as a victim entitled to protections under the TVPA similarly fails.  As argued in Defendants' Motion to Dismiss, Plaintiff does not even state a cognizable TVPA claim, as he fails to allege any Defendant participated in or benefitted from participation in a sex trafficking venture as defined by 18 U.S.C. § 1595.[2] This statute and any resulting protections Plaintiff may seek have no relevance in this action.

**B.  Combs' Conviction and Ventura's Testimony in That Proceeding Are Similarly Irrelevant**

Generally speaking, the Court may take judicial notice of Combs' conviction.  However, it has limited relevance to this proceeding, particularly where: (1) no claims are alleged against Combs or relating to how his trial or conviction is portrayed; (2) Combs was acquitted of sex trafficking and never even charged of sex trafficking Plaintiff (Verdict Sheet at 2-3, *U.S. v. Combs*, No. 1:24-cr-00542 (AS) (S.D.N.Y. July 8, 2025), Dkt. No. 447); and (3) Plaintiff's primary

---

[2] *See* Memorandum of Law in Support of Defendants' Motion to Dismiss, Section II C at 16-17 (ECF No. 42).

2

complaint against Defendants is their failure to determine and identify Ventura (not Combs) as Plaintiff's primary "sex trafficker" in the Series. Plaintiff's First Amended Complaint at 2 (ECF No. 19).

Similarly, Ventura's alleged testimony in the *Combs trial* regarding Plaintiff is irrelevant to this civil proceeding regarding the Series, as Plaintiff's eleven (11) claims asserted against Defendants have nothing to do with Ventura's purported testimony.  Indeed, Plaintiff complains of how *his* interviews were edited in the Series; there is nothing about Ventura's "testimony" in this case (nor would Plaintiff have any basis to complain about it).

## II.    Plaintiff is Not Entitled to Judicial Notice Of His Alleged Victim Status

Even if the alleged "facts" were somehow relevant to this proceeding, they fail to meet the requirements under Federal Rule of Evidence 201(b) for judicial notice.

### A.  Legal Standard

Under Federal Rule of Evidence 201(b), a court may decline to take judicial notice of a fact if it is "subject to reasonable dispute" because it is not "generally known within the trial court's territorial jurisdiction" or cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Meola v. Asset Recovery Sols., LLC,* No. 17 Civ. 1017 (MKB) (RER), 2018 WL 4660373, at *4 (E.D.N.Y. Sept. 28, 2018) (declining to take judicial notice of factual findings made in another case because they "d[id] not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.").

While a Court may take judicial notice of the existence of publicly filed documents, including documents filed in litigation, they cannot be noticed for the *truth* of their contents. *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class*

3

*Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)); *see also*

*McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, 638 F.Supp.3d 333, 339 (S.D.N.Y. 2022),

*reconsideration denied*, No. 22-CV-1138 (JGLC), 2023 WL 8440860 (S.D.N.Y. Oct. 16, 2023)

("[T]o establish that the question of fact that Plaintiffs identify as the purpose of judicial notice

exists, the Court would have to consider the statements in the documents filed in other courts for

their truth. But it is blackletter law that documents filed in another court may not be considered for

that purpose.").[3]

B. Each of Plaintiff's Requests for Judicial Notice Should Be Denied

The "facts" that Plaintiff asks to have the Court recognize are not subject to judicial notice

under the law. Plaintiff asks the Court to take judicial notice of the truth of statements, or in some

cases, Plaintiff's own interpretation of the truth of statements, found in filings from the criminal

proceedings against Sean Combs, for the purpose of establishing his legal status as a victim of sex

trafficking. Plaintiff is not entitled to "judicial notice" of any of his requested "facts."

---

[3] There are several instances in Plaintiff's Motion for Judicial Notice of his Victim Status where a case quote was either incorrect or nonexistent. *See* Memorandum of Law in Support of Motion for Judicial Notice of Movant's Victim Status, at 6 (ECF No. 47) ("Plaintiff's Motion") (attributing the quote that "a court may take judicial notice of documents filed in other courts, and of relevant proceedings and related filings … to establish the fact of such litigation and the contents of such documents" to *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) when no such quote exists); Plaintiff's Motion at 7 (attributing the notion and quote that "[t]he purpose of judicial notice is to 'save time, labor, and expense in securing and introducing evidence on matters which are not ordinarily capable of dispute'" to *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) when no such quote exists in the case). Repeated misquotations are a common marker of the use of artificial intelligence, often referred to as "hallucinations." Pursuant to Judge Dale E. Ho's Individual Practices in Civil Pro Se Cases, any party who uses generative artificial intelligence to generate "any portion of a motion, brief, pleading, or other filing must attach to the filing a separate declaration disclosing the use of artificial intelligence and certifying that the filer has reviewed the source material and verified that the artificially generated content is accurate." Rule 8. To Defendants' knowledge, Plaintiff has filed no such declaration and certification.

First, Plaintiff improperly seeks judicial notice of the Government's September 29, 2025 Sentencing Memorandum filed in the Criminal Proceedings against Sean Combs (Case No. 1:24-cr-00542 (AS) (S.D.N.Y. Sept. 30, 2025), Dkt. No. 516) (the "Combs Criminal Proceedings") purportedly so that he can be adjudicated or deemed a "victim of sex trafficking" by the Court. No such adjudication was made, and, just months later on December 23, 2025, the Government *opposed* Plaintiff's motion for relief under the Crime Victims' Rights Act, 18 U.S.C. § 3771, arguing that Plaintiff is *not* a "crime victim" under the CVRA. Letter Motion re: Response to Motion at Dkt. No. 552, *U.S. v. Combs*, No. 1:24-cr-00542 (AS) (S.D.N.Y. Dec. 23, 2025) Dkt. No. 602.

*Second*, Plaintiff's request seeking judicial notice of Judge Subramanian's statement "expressly recognizing Plaintiff's victim status" should be denied as improper, as no such finding was made.[4] Judge Subramanian expressly *declined* to make such a finding, as the criminal matter had already concluded. Memo Endorsement at 3, *U.S. v. Combs*, No. 1:24-cr-00542 (AS) (S.D.N.Y. Jan. 29, 2026) Dkt. No. 638. Judge Subramanian's statement in dicta that "testimony and other evidence at trial *may have* supported that [Plaintiff] was contacted via Backpage.com to travel across state lines to engage in prostitution" is not an express finding of any legal status. *Id.* (emphasis added). Nor does the fact that Judge Subramanian requested that the government "try

---

[4] Plaintiff's assertion that a court "may take judicial notice of their own records and the records of other courts for the limited purpose of recognizing the legal status of a party," quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) is plainly erroneous. Plaintiff's Motion at 6. The Court in *Liberty* did not state court can take judicial notice of court records "for the limited purpose of recognizing the legal status of a party." Rather, it explicitly found that a court "may take judicial notice of a document filed in another court '*not* for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co.*, 969 F.2d at 1388 (quoting *Kramer*, 937 F.2d at 774) (emphasis added).

to share [] documents with Howard so that he can make a timely application to the Backpage fund if he wishes," justify the Court taking judicial notice of the Judge viewing "Plaintiff as a legitimate Backpage trafficking victim" in this case. Plaintiff's Motion at 8-9.

*Third*, the Court can take judicial notice of Combs' conviction under 18 U.S.C. § 2421 (the Mann Act), but as noted above, such a request is misplaced here, as it has nothing to do with Plaintiff's claims regarding the Series (not to mention Combs was acquitted of sex trafficking and never even charged with trafficking Plaintiff).

*Fourth*, there is no legitimate basis for the Court to take judicial notice of the truth of Ventura's testimony at trial in the Combs Criminal Proceeding. *Glob. Network Commc'ns*, 458 F.3d at 157 (finding that a court may take judicial notice of testimony from another litigation "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (quoting *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70).

Plaintiff's purpose for this motion is to ask this Court – like he has asked at least two others before – to determine his legal status as a sex trafficking victim. While Defendants have no interest in litigating that issue, as it is irrelevant to the Series and the claims in this action, Plaintiff's request is factually incorrect and legally unfounded in this action, and his motion should be denied. Fed. R. Evid. 201(b).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Judicial Notice of Movant's Victim Status in its entirety.

6

Dated: New York, New York
       June 18, 2026

PRYOR CASHMAN LLP

By: _____
    Ilene Farkas
    Kaveri Arora
7 Times Square
New York, NY 10036
Tel. (212) 421-4100

*Attorneys for Defendants Netflix Inc., Curtis Jackson, Alexandria Stapleton, G-Unit Film & Television, Inc., House of NonFiction Productions, Inc., and West Tower Road LLC*

7

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing document contains 1,971 words and complies with the word and page limitations set forth in Local Rule 7.1(c) of the Joint Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: New York, New York
June 18, 2026

PRYOR CASHMAN LLP

By: _____
Ilene Farkas

8