Clayton Howard

24 Orchard Street

Carteret, New Jersey, 07008

(929)781-7791

itsclaytonhoward@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD, <br>     *Plaintiff*, <br><br>   v. <br><br> NETFLIX, INC.; <br> CURTIS JACKSON (a/k/a "50 Cent"); <br> ALEXANDRIA STAPLETON; <br> G-UNIT FILM & TELEVISION, INC.; <br> HOUSE OF NONFICTION PRODUCTIONS, INC.; <br> and WEST TOWER ROAD LLC, <br>     *Defendants*, | **Case No. 1:26-cv-00707 (DEH)(SN)** |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF

MOTION FOR JUDICIAL NOTICE OF MOVANT'S VICTIM STATUS

(With Incorporated Errata and AI Disclosure)

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**                                                    **1**

**NOTE ON ERRATA AND AI DISCLOSURE**                                         **2**

**ARGUMENT**                                                                 **3**

I.   DEFENDANTS CONCEDE THE COMBS CONVICTION IS JUDICIALLY
NOTICEABLE — THEIR RELEVANCE OBJECTION FAILS AS A MATTER OF LAW

                                                                            3

II.  JUDGE SUBRAMANIAN'S JANUARY 28, 2026 ORDER IS A PUBLIC JUDICIAL
RECORD PROPERLY SUBJECT TO NOTICE FOR ITS EXISTENCE AND DOCUMENTED
CONTENTS                                                                     4

   A.   The Exact Language of the Order and What It Establishes              4

   B.   Defendants Mischaracterize the Order as 'Mere Dicta' — The Correct Standard Governs
Judicial Notice of the Endorsement's Existence, Not Its Binding Effect       5

   C.   The Order's Explicit Preservation of Non-CVRA Relief Directly Supports Plaintiff's
TVPA § 1595 Theory                                                           6

III. PLAINTIFF SEEKS NOTICE OF EXISTENCE AND CONTENTS OF FILINGS — NOT
ADJUDICATED FACTS                                                            6

IV.  THE REQUESTED FACTS ARE DIRECTLY RELEVANT TO PLAINTIFF'S FRAUD,
DEFAMATION, AND TVPA § 1595 CLAIMS                                           7

V.   THE GOVERNMENT'S LITIGATION POSITION IS AN ADVERSARIAL LETTER —
NOT A JUDICIAL FINDING — AND IS SUPERSEDED BY JUDGE SUBRAMANIAN'S
ORDER                                                                       8

VI.  PLAINTIFF'S TVPA § 1595 THEORY IS COGNIZABLE AND THE NOTICED FACTS
SUPPORT PLAUSIBILITY AT THE PLEADING STAGE                                   9

**CONCLUSION**                                                               **10**

# TABLE OF AUTHORITIES

## CASES

Global Network Communications, Inc. v. City of New York, 458 F.3d 150 (2d Cir. 2006)                                                                  4, 6

Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991)           4, 5, 6

Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992)                                                              4, 6

McKenzie-Morris v. V.P. Records Retail Outlet, Inc., 638 F. Supp. 3d 333 (S.D.N.Y. 2022)                                                                  4

Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406 (2d Cir. 2008)4, 6

United States v. Combs, No. 1:24-cr-00542 (AS) (S.D.N.Y.)          passim

## STATUTES AND RULES

18 U.S.C. § 1595 (TVPA civil remedy)                              7, 9

18 U.S.C. § 2421 (Mann Act)                                      3, 9

18 U.S.C. § 3771 (Crime Victims' Rights Act)                     5, 6, 8

Federal Rule of Evidence 201(b)                                  passim

Federal Rule of Evidence 201(c)(2)                               4

S.D.N.Y. Local Civil Rule 11.1                                   cover

## OTHER AUTHORITIES

Order, United States v. Combs, No. 1:24-cr-00542 (AS), Dkt. No. 638 (S.D.N.Y. Jan. 28, 2026) (Subramanian, U.S.D.J.)                                 passim

## PRELIMINARY STATEMENT

Plaintiff Clayton Howard respectfully submits this Reply Memorandum of Law in further support of his Motion for Judicial Notice of Movant's Victim Status (ECF No. 47). Defendants' Opposition (ECF No. 52, "Opp.") mischaracterizes Plaintiff's requests as seeking final adjudication of legal status, conflates governing Second Circuit standards for judicial notice with the ultimate merits, buries a dispositive concession regarding the Combs conviction, and critically misreads the controlling judicial record — including the January 28, 2026 Order of the Honorable Arun Subramanian in United States v. Combs, No. 1:24-cr-00542 (AS) (S.D.N.Y.) (Dkt. No. 638) — in ways that the actual text of that Order directly refutes.

Plaintiff does not ask this Court to declare him a victim, to relitigate the Combs prosecution, or to accept as true the contents of any filing from that proceeding. Plaintiff asks the Court to take judicial notice of specifically enumerated public facts: that the Combs criminal proceedings occurred, that certain filings and orders exist within that proceeding, that Judge Subramanian made specific documented statements in a written order, and that those facts bear on the plausibility of Plaintiff's claims in this action. Each request falls squarely within the boundaries of Federal Rule of Evidence 201(b) and controlling Second Circuit authority.

## NOTE ON ERRATA AND AI DISCLOSURE

Defendants' Opposition, in footnote 3, identified that certain quotations in Plaintiff's original Memorandum did not appear verbatim in the cases cited. Plaintiff has filed concurrently herewith a standalone Notice of Errata and Declaration Regarding Use of Artificial Intelligence pursuant to Judge Ho's Individual Practices Rule 8, setting forth the verified, corrected quotations from each cited case. The accurate Second Circuit authority fully supports every argument advanced. No argument is withdrawn. The corrected citations are used throughout this Reply. All quotations herein have been independently verified against the primary text of each decision.

## ARGUMENT

## I.  DEFENDANTS CONCEDE THE COMBS CONVICTION IS JUDICIALLY NOTICEABLE — THEIR RELEVANCE OBJECTION FAILS AS A MATTER OF LAW

Defendants' Opposition states: "[g]enerally speaking, the Court may take judicial notice of Combs' conviction." Opp. at 2. This concession is dispositive as to a central pillar of Plaintiff's motion. Having acknowledged that the conviction is properly subject to judicial notice, Defendants cannot invoke Federal Rule of Evidence 201(b) to defeat the notice request. Their remaining objection — that the conviction has limited relevance — is a merits argument properly addressed in the pending Motion to Dismiss, not in opposition to a notice motion.

As the Second Circuit has held, courts may take judicial notice of documents filed in other courts "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991). The Combs conviction under 18 U.S.C. § 2421 establishes as a matter of law that interstate transportation for purposes of prostitution occurred as part of the Combs enterprise. This is precisely the predicate conduct underlying Plaintiff's TVPA § 1595 claim against Defendants, who commercially exploited a documentary centered on that enterprise.

Defendants argue that Combs was acquitted on the sex trafficking count and was never charged with trafficking Plaintiff specifically. Opp. at 2. This conflates the criminal beyond-a-reasonable-doubt standard with the civil TVPA standard, which imposes liability on anyone who knowingly benefits from participation in a sex trafficking venture. 18 U.S.C. § 1595(a). A criminal acquittal does not preclude civil TVPA liability arising from the same underlying enterprise. The Mann Act conviction — which Defendants concede is noticeable — establishes the qualifying venture.

## II.  JUDGE SUBRAMANIAN'S JANUARY 28, 2026 ORDER IS A PUBLIC JUDICIAL RECORD PROPERLY SUBJECT TO NOTICE FOR ITS EXISTENCE AND DOCUMENTED CONTENTS

### A.  The Exact Language of the Order and What It Establishes

Defendants characterize Judge Subramanian's January 28, 2026 Order (Dkt. No. 638) as containing mere "dicta" that made no formal finding. Opp. at 5. The actual text of the Order, submitted as Appendix A to Plaintiff's original motion, directly refutes that characterization. The Order states, in full relevant part:

> "The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution."
> *Order, United States v. Combs, No. 1:24-cr-00542 (AS), Dkt. No. 638, at 1 (S.D.N.Y. Jan. 28, 2026) (Subramanian, U.S.D.J.).*

The Order further states:

> "To the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes."
> *Id. at 2.*

These two statements are verbatim text from a written, signed, publicly filed order of a United States District Judge in this District. Their existence in that public filing is beyond reasonable dispute. The filing's existence and contents are properly noticed under *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991), and *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 425 (2d Cir. 2008), which holds it is proper to take judicial notice of the fact that "prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents."

### B.  Defendants Mischaracterize the Order as 'Mere Dicta' — The Correct Standard Governs Judicial Notice of the Endorsement's Existence, Not Its Binding Effect

Defendants argue that because Judge Subramanian denied Plaintiff's CVRA motion, his statement regarding Plaintiff's victimization constitutes unactionable dicta. Opp. at 5. This argument confuses two separate inquiries. The question for Rule 201(b) is not whether a judicial statement constitutes a binding holding. The question is whether a documented fact — the existence of a written statement by a federal judge based on a complete trial record — is subject to reasonable dispute. It is not.

The Order does not exist in a vacuum. Judge Subramanian was the trial judge in United States v. Combs. He presided over the entirety of the trial proceedings. He instructed the jury. He reviewed all sentencing submissions. He imposed sentence. His statement that testimony and other evidence at trial "may have supported" that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution is a documented statement by the neutral judicial arbiter of that proceeding, based on his direct review of the complete trial record. Plaintiff seeks notice that this statement was made, by that judge, in that order, on that date. That is notice of a fact about a public filing — not notice of the truth of the underlying factual assertion.

As Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) confirmed, a court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." The Order is a public filing. Its contents are fixed. Its author and date are undisputed. Judicial notice is proper.

### C.   The Order's Explicit Preservation of Non-CVRA Relief Directly Supports Plaintiff's TVPA § 1595 Theory

Defendants invoke the CVRA denial as evidence that Plaintiff has no legally cognizable victim status. Opp. at 5. But they omit what Judge Subramanian wrote immediately after denying CVRA relief. The Order expressly states:

> "Of course, to the extent that Howard believes he has rights outside of the CVRA, for instance to restitution as provided by law, then Howard can make an appropriate application for such relief, if it is timely, and justified by the facts and law."
>
> *Dkt. No. 638, at 1–2.*

The CVRA denial was procedural — the criminal case had concluded two months before Plaintiff's motion reached the court. The Order does not extinguish Plaintiff's civil rights. It expressly contemplates them. The TVPA § 1595 civil claim before this Court is precisely the kind of non-CVRA relief preserved by Judge Subramanian's Order. Defendants' attempt to weaponize a procedural denial in a concluded criminal proceeding against a live civil statutory claim is neither legally sound nor consistent with what the Order actually says.

## III.  PLAINTIFF SEEKS NOTICE OF EXISTENCE AND CONTENTS OF FILINGS — NOT ADJUDICATED FACTS

Defendants repeatedly frame Plaintiff's motion as an attempt to have this Court "adjudicate" his legal status. Opp. at 1, 5–6. This framing is a deliberate misreading. Plaintiff identifies four specific, limited categories of public record facts.

First, that the Combs Mann Act conviction under Count III exists as a matter of public record — a fact Defendants themselves concede is noticeable.

Second, that the Government's Sentencing Memorandum (Dkt. No. 516) was filed in the Combs proceedings, exists as a public filing, and references Plaintiff by name in the context of Count III. Plaintiff does not ask this Court to accept as true the Government's characterizations of his victimization — only that the Government made those characterizations in a sworn submission to a federal court.

Third, that Judge Subramanian's January 28, 2026 Order (Dkt. No. 638) was filed and signed, exists as a public record, and contains the specific language quoted in Point II above.

Plaintiff does not ask this Court to adopt Judge Subramanian's statement as a finding. Plaintiff asks the Court to notice that the statement was made.

Fourth, that trial testimony by Casandra Ventura occurred in the Combs proceedings, was admitted into evidence, and forms part of the official trial record. Plaintiff does not ask this Court to find Ventura's testimony truthful — only that it occurred and was admitted.

Each of these requests satisfies *Glob. Network Communications, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006), which confirms that a court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."

## IV.  THE REQUESTED FACTS ARE DIRECTLY RELEVANT TO PLAINTIFF'S FRAUD, DEFAMATION, AND TVPA § 1595 CLAIMS

Defendants contend these facts bear no relevance to a civil case about documentary editing. Opp. at 2–3. This characterization fundamentally misunderstands Plaintiff's claims, which are not at their core an editorial dispute.

On the fraudulent inducement claim: Defendants induced Plaintiff's participation in the Series by representing his victimization would be accurately portrayed. The public record of the Combs proceedings — including Judge Subramanian's documented acknowledgment that trial evidence may have supported Plaintiff's victimization, and the Government's formal identification of Plaintiff as a named victim in Count III — is directly relevant to both the falsity of Defendants' representations and to the reasonableness of Plaintiff's reliance. A documentary producer who induced participation from an individual named in a federal prosecution's sentencing memorandum as a victim, then edited the documentary in ways that undercut that individual's account, acted with knowledge whose predicate the noticed facts establish.

On the defamation per se claim: Defendants' editorial choices, as alleged, implied Plaintiff's account of victimization was unreliable or fabricated. The public record — including

the Government's identification of Plaintiff as a named victim and Judge Subramanian's documented acknowledgment of trial evidence supporting his victimization — is probative of the falsity of any such implied assertion. Judicial notice of these facts supports plausibility at the pleading stage and is directly relevant to the falsity inquiry that must ultimately be resolved.

On the TVPA § 1595 claim: Section 1595 extends civil liability to any person who knowingly benefits from participation in a venture that the person knew or should have known engaged in sex trafficking. 18 U.S.C. § 1595(a). The noticed facts — the Combs Mann Act conviction and the governmental identification of the trafficking enterprise in the Sentencing Memorandum — establish the existence of a qualifying venture. Defendants produced a four-part documentary about that enterprise, conducted on-camera interviews with participants including Plaintiff, and commercially released the Series for substantial financial benefit. The predicate facts are noticeable now; the causal nexus is properly developed through discovery.

## V.    THE GOVERNMENT'S LITIGATION POSITION IN THE CRIMINAL CASE IS AN ADVERSARIAL LETTER — NOT A JUDICIAL FINDING — AND IS SUPERSEDED BY JUDGE SUBRAMANIAN'S ORDER

Defendants rely heavily on the Government's December 23, 2025 letter in United States v. Combs opposing Plaintiff's CVRA motion and arguing that Plaintiff is not a "crime victim" under the statute. Opp. at 5. This argument is analytically flawed on multiple levels.

First, the Government's letter is a litigation position of an interested party — the United States — in a post-conviction, post-sentencing collateral proceeding. It is not a judicial finding, a court order, or an adjudication of any kind. The Government's attorneys made a tactical decision to oppose Plaintiff's motion. That decision does not establish, as a matter of law, that Plaintiff is not a victim.

Second, and most critically, Judge Subramanian's January 28, 2026 Order was issued after the Government's December 23 letter. The Government urged that Plaintiff was not a crime victim. The trial judge — who had personally presided over the entire trial, heard all evidence,

and reviewed the full record — then issued a written order acknowledging that testimony and other evidence at trial "may have supported" Plaintiff's victimization and directing the Government to assist Plaintiff with Backpage Fund documentation. The neutral arbiter's documented response to the Government's adversarial position directly undermines the inference Defendants ask this Court to draw.

Third, the CVRA definition of "crime victim" is a term of art governing procedural rights within a criminal prosecution. It operates entirely independently from the TVPA § 1595 civil standard. The Government's CVRA letter says nothing about Plaintiff's civil statutory standing or the plausibility of his claims in this action.

## VI.   PLAINTIFF'S TVPA § 1595 THEORY IS COGNIZABLE AND THE NOTICED FACTS SUPPORT PLAUSIBILITY AT THE PLEADING STAGE

Defendants argue that Plaintiff's TVPA claim is "facially deficient" and that § 1595 protections are therefore irrelevant to this action. Opp. at 2. This argument belongs in Defendants' Motion to Dismiss, not in opposition to a notice motion. The Court has not yet ruled on the MTD, and Plaintiff's claims remain operative. It would be legally improper to deny judicial notice of facts relevant to a live claim based solely on Defendants' assertion that the claim will fail.

Furthermore, the CVRA denial in the Combs proceedings, upon which Defendants place substantial emphasis, actually underscores the vitality of Plaintiff's civil path. Judge Subramanian's Order expressly stated that Plaintiff may "have rights outside of the CVRA, for instance to restitution as provided by law," and that he may make "an appropriate application for such relief, if it is timely, and justified by the facts and law." Dkt. No. 638, at 1–2. The TVPA § 1595 civil action before this Court is precisely such an application. The Order contemplated it. The noticed facts support it.

The TVPA extends civil liability to any person who knowingly benefits, financially or by receiving anything of value, from participation in a sex trafficking venture, where the person

knew or should have known the venture engaged in sex trafficking. 18 U.S.C. § 1595(a). The noticeable facts — including the Combs Mann Act conviction, the Government's documented characterization of the enterprise in the Sentencing Memorandum, and Judge Subramanian's acknowledgment of trial evidence supporting Plaintiff's victimization — establish the existence and documented scope of the venture. Defendants' commercial release of a documentary centered on that venture, including Plaintiff's on-camera interviews, constitutes the benefit. The predicate requirements are noticeable and plausible. Discovery will develop the causal nexus.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Judicial Notice and enter an Order taking judicial notice of the following specifically enumerated facts:

**First,** that Sean Combs was convicted in United States v. Combs, No. 1:24-cr-00542 (AS) (S.D.N.Y.), including on counts arising under 18 U.S.C. § 2421 (the Mann Act) for interstate transportation for purposes of prostitution — a fact Defendants themselves have conceded is judicially noticeable;

**Second,** that the United States Government filed a Sentencing Memorandum (Dkt. No. 516) in the Combs Criminal Proceedings referencing Plaintiff Clayton Howard by name in connection with Count III of the indictment, and that such memorandum exists as a public filing in the docket of this Court in that proceeding;

**Third,** that United States District Judge Arun Subramanian issued a written Order on January 28, 2026 (Dkt. No. 638), which (a) recognized that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution; (b) directed the Government to attempt to share relevant documents with Plaintiff for Backpage Fund eligibility; and (c) expressly preserved Plaintiff's right to pursue non-CVRA relief including restitution as provided by law; and that this Order exists as a signed, public filing in the docket of this Court in that proceeding; and

**Fourth,** that Casandra Ventura provided testimony in the Combs criminal trial proceedings, that such testimony was admitted into evidence and made part of the public trial record, and that the content of such testimony forms part of the official record of this Court in that proceeding.

Plaintiff further respectfully requests that any denial be without prejudice to renewal upon further development of the record, and that the Court grant such other and further relief as is just and proper.

Dated: June 25, 2026
    Carteret, New Jersey

                                        Respectfully submitted,

                                        *Clayton Howard*
                                        _____
                                        Clayton Howard
                                        Plaintiff Pro Se
                                        24 Orchard Street
                                        Carteret, New Jersey 07008
                                        (929) 781-7791
                                        itsclaytonhoward@gmail.com

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) and Judge Ho's Individual Practices § 4(c), I hereby certify that the foregoing Reply Memorandum of Law is submitted in 12-point Times New Roman font, double-spaced, with one-inch margins, and does not exceed 10 pages of argument, excluding the caption, tables of contents and authorities, and this certification, as permitted by Judge Ho's Individual Practices § 4(c)(ii) and (iv).

*Clayton Howard*

Clayton Howard

Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I filed the foregoing Plaintiff's Reply Memorandum of Law in Further Support of Motion for Judicial Notice of Movant's Victim Status via the Court's Electronic Case Filing (ECF) system, which transmitted notification of such filing to all counsel of record registered to receive electronic notification in this case, including counsel for all Defendants at Pryor Cashman LLP, 7 Times Square, New York, New York 10036.

*Clayton Howard*

Clayton Howard

Plaintiff Pro Se