Clayton Howard

24 Orchard Street

Carteret, New Jersey 07008

(929)781-7791

itsclaytonhoward@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

CLAYTON HOWARD,                                      **Case No. 1:26-cv-00707 (DEH)(SN)**

    *Plaintiff*,


  v.


NETFLIX, INC.;

CURTIS JACKSON (a/k/a "50 Cent");

ALEXANDRIA STAPLETON;

G-UNIT FILM & TELEVISION, INC.;

HOUSE OF NONFICTION PRODUCTIONS, INC.;

and WEST TOWER ROAD LLC,

    *Defendants*,


**<u>PLAINTIFF'S NOTICE OF ERRATA AND DECLARATION REGARDING USE OF
ARTIFICIAL INTELLIGENCE PURSUANT TO JUDGE HO'S
INDIVIDUAL PRACTICES RULE 8</u>**


**TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................1

**PART I — ERRATA: CORRECTED CASE CITATIONS** .......................................2

Error No. 1 — Kramer v. Time Warner Inc., 937 F.2d 767 ...........................................2

Error No. 2 — Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406 ........................3

Error No. 3 — Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384.....4

**PART II — VERIFIED CITATION REFERENCE: ALL CASES CITED ................5**

1.  Kramer v. Time Warner Inc. ...............................................................................5

2.  Staehr v. Hartford Financial Services Group, Inc. ............................................6

3.  Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc. ...........................6

4.  Global Network Communications, Inc. v. City of New York .................................7

5.  Federal Rule of Evidence 201(b) and 201(c)(2) ........................................7

**PART III — DECLARATION REGARDING USE OF ARTIFICIAL INTELLIGENCE ...........................................................................................................8**

**CERTIFICATE OF SERVICE .......................................................................10**

## TABLE OF AUTHORITIES

### CASES

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) 7

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) ...........................................2, 5

*Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384 (2d Cir. 1992) .........................................................................................................................4, 6

*Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406 (2d Cir. 2008)...........3, 6

*United States v. Combs*, No. 1:24-cr-00542 (AS) (S.D.N.Y.) ................................... passim

### STATUTES AND RULES

Federal Rule of Evidence 201(b) ............................................................... passim

Federal Rule of Evidence 201(c)(2)...............................................................5, 8

28 U.S.C. § 1746...........................................................................................8

Fed. R. Civ. P. 11...........................................................................................9

### OTHER AUTHORITIES

Order, *United States v. Combs*, No. 1:24-cr-00542 (AS), Dkt. No. 638  (S.D.N.Y. Jan. 28, 2026) (Subramanian, U.S.D.J.) ............................................................. passim

INTRODUCTION

Plaintiff Clayton Howard, proceeding pro se, respectfully submits this Notice of Errata and Declaration Regarding Use of Artificial Intelligence pursuant to Rule 8 of the Honorable Dale E. Ho's Individual Practices in Civil Pro Se Cases.

In their Opposition to Plaintiff's Motion for Judicial Notice of Movant's Victim Status (ECF No. 52), Defendants raised, in footnote 3 at page 4, that certain quotations in Plaintiff's supporting Memorandum of Law (ECF No. 47) did not appear verbatim in the cases to which they were attributed, and suggested this may reflect the use of generative artificial intelligence without the required disclosure.

Plaintiff takes this obligation with the utmost seriousness. Upon independently reviewing the identified citations against the full text of the cited decisions, Plaintiff acknowledges the specific errors described below, corrects the record with verified quotations drawn directly from the text of each case, and hereby files the required AI use declaration. The corrected authority fully supports the legal propositions Plaintiff advanced in the original Memorandum. No argument is withdrawn; only the inaccurate quotation marks and misattributed phrasing are corrected.

PART I — ERRATA: CORRECTED CASE CITATIONS

The following corrections replace the identified inaccurate quotations in Plaintiff's Memorandum of Law (ECF No. 47). Each correction sets forth: (A) the erroneous language as it appeared in the original filing; (B) the verified text as it actually appears in the cited decision; and (C) a brief explanatory note. All verified quotations have been confirmed against the full judicial text of each decision.

ERROR NO. 1

Location in Original Filing: Memorandum of Law (ECF No. 47), Section IV.A.2, page 7.

Original Language (INCORRECT):

> "The purpose of judicial notice is to 'save time, labor, and expense in securing and introducing evidence on matters which are not ordinarily capable of dispute.'" Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

Finding:

After independently reviewing the full text of Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991), the phrase "save time, labor, and expense" does not appear anywhere in that decision. This formulation appears in legal treatises and advisory committee notes as a general description of the purpose of judicial notice, but it was never used by the Second Circuit in Kramer. This quotation was an erroneous attribution — a hallucination generated by the AI drafting tool and not caught during review. It is withdrawn in its entirety.

Corrected Language (VERIFIED — confirmed against full text of decision):

What Kramer v. Time Warner Inc. actually states at 937 F.2d at 774, verbatim from the decision:

> "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."
> *Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).*

This verified language fully supports the proposition for which Kramer was cited: that courts may take judicial notice of public litigation documents for the fact of their existence and contents. The erroneous phrase is withdrawn and replaced with the foregoing.

ERROR NO. 2
Location in Original Filing: Memorandum of Law (ECF No. 47), Section III / Legal Standard, pages 5–6.

Original Language (INCORRECT):

> "[A] court may take judicial notice of documents filed in other courts, and of relevant proceedings and related filings … to establish the fact of such litigation and the contents of such documents." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (quoting Kramer, 937 F.2d at 774).

Finding:

After independently reviewing the full text of Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406 (2d Cir. 2008), the quoted language does not appear verbatim in that decision. Staehr at page 425 addresses judicial notice and quotes Kramer approvingly, but with different phrasing. The quotation as written in the original Memorandum was a paraphrase of Staehr's treatment of Kramer, incorrectly placed within quotation marks. This constitutes an inaccurate attribution.

Corrected Language (VERIFIED — confirmed against full text of decision):

What Staehr v. Hartford Financial Services Group, Inc. actually states at 547 F.3d at 425, verbatim from the decision:

> "[I]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents."
> *Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted).*

This verified language directly supports Plaintiff's argument that it is proper for the Court to take judicial notice of the Combs criminal proceedings — including the Sentencing Memorandum, Judge Subramanian's January 28, 2026 Order (Dkt. No. 638), and the trial testimony — for the fact that these proceedings occurred and that the information therein was publicly asserted, without the Court being required to accept the contents as true. The erroneous quotation is withdrawn and replaced with the foregoing.

ERROR NO. 3

Location in Original Filing: Memorandum of Law (ECF No. 47), Section III / Legal Standard, page 6, and Section IV.A.1, pages 6–7.

Original Language (INCORRECT):

"Courts 'may take judicial notice of their own records and the records of other courts for the limited purpose of recognizing the legal status of a party.'" Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992).

Finding:

After independently reviewing the full text of Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992), the phrase "recognizing the legal status of a party" does not appear in that decision. Liberty Mutual stands for a narrower, well-established proposition regarding notice of the existence of litigation and related filings. The phrase attributed to Liberty Mutual was generated by the AI drafting tool and does not reflect the actual holdings of the case. It is withdrawn in its entirety.

Corrected Language (VERIFIED — confirmed against full text of decision):

Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc. actually states at 969 F.2d at 1388, verbatim from the decision, as confirmed by numerous subsequent decisions of courts in this Circuit citing it:

> "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"
> *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)*).*

Additionally, Liberty Mutual at 1388–89 also holds that facts adjudicated in a prior case do not meet either test of indisputability under Rule 201(b). Plaintiff acknowledges this aspect of the holding and notes, as argued in Plaintiff's Reply Memorandum filed herewith, that Plaintiff does not seek judicial notice of adjudicated facts from the Combs proceedings for their truth — but rather for the existence and documented contents of those filings — a purpose squarely within the verified Liberty Mutual holding quoted above. The erroneous phrase is withdrawn and replaced with the foregoing.

PART II — VERIFIED CITATION REFERENCE: ALL CASES CITED IN PLAINTIFF'S MEMORANDUM OF LAW (ECF NO. 47)

The following sets forth the verified, verbatim quoted language from every case cited in Plaintiff's original Memorandum of Law for judicial notice propositions. All quotations have been confirmed against the actual text of each decision. These are the only quotations Plaintiff relies upon going forward.

1.  *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991)

Verified Quotation No. 1 (judicial notice of other-court filings):

> "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."
> *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Verified Quotation No. 2 (FRE 201(b)(2) standard as applied):

> "[A] district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"
> *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) *(quoting Fed. R. Evid. 201(b)(2)).*

**Note:** The phrase "save time, labor, and expense" attributed to Kramer in the original Memorandum does not appear in this decision and is withdrawn. The two verified quotations above represent the complete relevant holdings of Kramer for judicial notice purposes. Both citations were verified correct.

2.  *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406 (2d Cir. 2008)

Verified Quotation (judicial notice of public filings for existence of information, not truth of contents):

> "[I]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents."
> *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) *(citation omitted).*

**Note:** The original Memorandum attributed to Staehr language that was a paraphrase, not a direct quotation. The verified language above is what appears at page 425 of the decision. The underlying proposition — that courts may notice the fact that prior proceedings and public filings contained certain information, without accepting that information as true — is fully supported by this verified text.

3.  Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992)

Verified Quotation No. 1 (judicial notice standard for other-court documents):

> "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'"
> *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (quoting Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Verified Quotation No. 2 (limiting principle — adjudicated facts):

> "Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source."
> *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388–89 (2d Cir. 1992).*

**Note:** The phrase "recognizing the legal status of a party" attributed to Liberty Mutual in the original Memorandum does not appear in this decision and is withdrawn. Plaintiff's notice request relies on Verified Quotation No. 1 — the existence and documented contents of the Combs criminal proceedings filings — not on adjudicated facts, which is the subject of Verified Quotation No. 2.

4. *Glob. Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006)

Verified Quotation (judicial notice of other-court documents — existence not truth):

> "A court may take judicial notice of a document filed in another court not
> for the truth of the matters asserted in the other litigation, but rather to
> establish the fact of such litigation and related filings."
> *Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006)
> *(internal quotation marks and citation omitted).*

**Note:** This quotation was cited accurately in both the original Memorandum and in Defendants' own Opposition at page 3. No correction is required. It is reproduced here for completeness.

5. Federal Rule of Evidence 201(b) and 201(c)(2)

Verified Text of Rule 201(b):

> "The court may judicially notice a fact that is not subject to reasonable
> dispute because it: (1) is generally known within the trial court's territorial
> jurisdiction; or (2) can be accurately and readily determined from sources
> whose accuracy cannot reasonably be questioned."
> *Fed. R. Evid. 201(b).*

Verified Text of Rule 201(c)(2):

> "The court … must take judicial notice if a party requests it and the court
> is supplied with the necessary information."
> *Fed. R. Evid. 201(c)(2).*

**Note:** These statutory texts were correctly quoted in the original Memorandum. No correction is required.

## PART III — DECLARATION OF PLAINTIFF REGARDING USE OF ARTIFICIAL INTELLIGENCE PURSUANT TO JUDGE HO'S INDIVIDUAL PRACTICES RULE 8

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  I am the Plaintiff in the above-captioned civil action, Howard v. Netflix, Inc., et al., Case No. 1:26-cv-00707 (DEH)(SN), pending in the United States District Court for the Southern District of New York. I submit this Declaration pursuant to Rule 8 of the Individual Practices in Civil Pro Se Cases of the Honorable Dale E. Ho.

2.  In preparing the Memorandum of Law in Support of Motion for Judicial Notice of Movant's Victim Status (ECF No. 47), filed on or about May 18, 2026, I used generative artificial intelligence tools to assist in the research, drafting, and organizational structure of certain portions of that brief. Specifically, AI assistance was used in identifying potentially relevant authority, organizing the argument structure, and generating initial draft language for portions of the legal argument sections.

3.  I did not sufficiently verify each quotation against the primary text of the cited decisions before filing. As a result, certain quotations in the filed Memorandum did not appear verbatim in the cases to which they were attributed. Upon reviewing Defendants' Opposition (ECF No. 52), I independently reviewed the full text of each cited case and identified the following specific inaccuracies:

    a.  A quotation attributed to *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991), containing the phrase "save time, labor, and expense," which does not appear in that decision;

     **b.** A quotation attributed to *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406 (2d Cir. 2008), which was a paraphrase rather than verbatim text from that decision; and

     **c.** A quotation attributed to Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992), containing the phrase "recognizing the legal status of a party," which does not appear in that decision.

**4.** These inaccuracies appear to be the product of AI-generated content that was not sufficiently verified against the primary sources prior to filing. I acknowledge this failure of verification and take full personal responsibility for it.

**5.** I have now independently reviewed the full text of each case cited in the original Memorandum for judicial notice propositions. Part II of this Notice of Errata sets forth the verified, verbatim quotations from each case, confirmed against the actual text of the decisions. I certify that the quotations set forth in Part II above accurately reflect language that appears in the cited decisions.

**6.** The legal propositions advanced in the original Memorandum are fully supported by the verified quotations set forth in Part II. No substantive argument is withdrawn. Only the specific inaccurate quotation marks and misattributed phrasing are corrected by this Notice.

**7.** Going forward in this matter, in any brief or filing in which I use generative AI assistance, I will: (a) independently verify every quotation from a case against the primary text of the decision before filing; (b) disclose such AI use in the filing itself or by concurrent declaration filed simultaneously; and (c) certify that all AI-generated content has been reviewed and verified for accuracy consistent with my obligations under Federal Rule of Civil Procedure 11.

**8.** I execute this Declaration voluntarily and in good faith, consistent with my obligations under Federal Rule of Civil Procedure 11 and this Court's Individual Practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 25, 2026

Carteret, New Jersey

*Clayton Howard*

Clayton Howard

Plaintiff Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I filed the foregoing Plaintiff's Notice of Errata and Declaration Regarding Use of Artificial Intelligence Pursuant to Judge Ho's Individual Practices Rule 8 via the Court's Electronic Case Filing (ECF) system, which transmitted notification of such filing to all counsel of record registered to receive electronic notification in this case, including:

Ilene Farkas, Esq.

Kaveri Arora, Esq.

PRYOR CASHMAN LLP

7 Times Square

New York, New York 10036

Attorneys for Defendants Netflix, Inc., Curtis Jackson,

Alexandria Stapleton, G-Unit Film & Television, Inc.,

House of NonFiction Productions, Inc., and West Tower Road LLC

*Clayton Howard*

Clayton Howard

Plaintiff Pro Se