USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/27/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

**CLAYTON HOWARD,**

**Plaintiff,**

**-against-**

**NETFLIX, INC., et al.,**

**Defendants.**

----------------------------------------------------------------X

**26-CV-00707 (DEH)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff alleges that he is "Victim-2" referenced in Count III of the Indictment filed against Sean Combs, for which Combs was convicted following a jury trial. See United States v. Sean Combs, No. 24-cr-542 (AS) ("Combs"). Following Combs's conviction and sentencing, Plaintiff moved in the criminal case to be recognized as a victim under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. The Government, and Combs, opposed Plaintiff's motion. Combs, ECF Nos. 602, 603. On January 28, 2026, United States District Judge Arun Subramanian, who presided over the Combs criminal trial, denied Plaintiff's motion on the ground that the criminal proceeding had concluded. Combs, ECF No. 638.

Around the same time, Plaintiff filed a civil action against Netflix and other entities and individuals arising out of a documentary miniseries entitled "Sean Combs: The Reckoning." Plaintiff pleads eleven causes of action, including that Defendants benefitted from participation in a sex trafficking venture, under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595. First Am. Compl., ECF No. 19. Defendants have moved to dismiss the amended complaint, and that motion remains pending. ECF No. 40.

Plaintiff now moves, pursuant to Federal Rule of Evidence 201, for judicial notice that he is a "documented federal crime victim—the individual identified as 'Victim-2'" in the Combs Indictment. ECF No. 14. Defendants oppose the motion. ECF No. 52. The motion is DENIED.

**DISCUSSION**

Plaintiff requests that the Court take judicial notice that:

1. Plaintiff is the individual identified as "Victim-2" in Count III of the Combs indictment.

2. Plaintiff is a documented victim of sex trafficking under 18 U.S.C. § 1591 and violations of the Mann Act, 18 U.S.C. § 2421.

3. Plaintiff is entitled to the protections afforded under the Crime Victims' Rights Act, 18 U.S.C. § 3771, in connection with this civil proceeding.

4. Plaintiff is a federal crime victim.

ECF No. 14.

Federal Rule of Evidence 201 permits a court to judicially notice a fact "that is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id. This means that a court may take judicial notice of the *existence* of filings, orders, testimony, and other public court records, but it generally may not take notice of disputed factual assertions contained in those materials. Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

**I. Adjudicative Facts Not Subject to Reasonable Dispute**

Whether Plaintiff was a victim of sex trafficking is subject to reasonable dispute. Combs was acquitted on the sex trafficking counts (and, in any event, those counts did not concern Plaintiff). Accordingly, the Court cannot take judicial notice that Plaintiff is a victim of sex

trafficking as that term is understood in the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1595. This conclusion, however, does not preclude Plaintiff from pleading a TVPA claim against the Defendants. Whether Plaintiff's allegations are sufficient to state a TVPA claim—and, if so, whether Plaintiff can ultimately prove those allegations—are questions to be resolved in the ordinary course of this litigation. Defendants have separately challenged the sufficiency of Plaintiff's TVPA claim in their motion to dismiss, and the Court need not resolve that issue here.

Whether Plaintiff was a victim of Mann Act violations is arguably more complicated. It appears undisputed that Plaintiff is the person identified as "Victim-2" in the Indictment, but Plaintiff is not named in that document, and the Court is unaware of any source from which his identity as 'Victim 2' can be "accurately and readily determined." It also appears undisputed that Plaintiff traveled across state lines for purposes of participating in sex acts, though the Court is again unaware of a public "source" from which this fact can be "accurately and readily determined." Additionally, the term "victim" carries multiple meanings in different contexts and is, therefore, subject to reasonable dispute. See, e.g., Combs, ECF No. 602 (Government's opposition to Plaintiff's CVRA application noting the difference between the term "victim" under the Sentencing Guidelines and the term "victim" under the CVRA).

The specific materials Plaintiff relies on do not change the Court's conclusion. The Government's sentencing memorandum may be judicially noticed for the fact that the Government identified Plaintiff in that filing, but the Government's characterization does not itself constitute an adjudicative fact that Plaintiff qualifies as a victim under the CVRA or TVPA. Indeed, as noted, the Government opposed Plaintiff's request for CVRA relief in the criminal case. See Combs, ECF No. 602. The Court may likewise take judicial notice of Combs's

conviction under the Mann Act, 18 U.S.C. § 2421, but the conviction does not establish that Plaintiff is a victim of sex trafficking. Finally, the Court may take judicial notice that a witness gave particular testimony during the criminal trial, but Rule 201 does not permit the Court to deem that testimony true for purposes of this civil action. Plaintiff's contention that the testimony conclusively establishes his victim status exceeds the permissible scope of judicial notice.

Thus, because there is no source, whose accuracy cannot reasonably be questioned, that establishes that Plaintiff was a "victim," and because the term itself is "subject to reasonable dispute," Rule 201 does not permit the Court to take judicial notice that Plaintiff is a victim.

## II. Protections Afforded Under the Crime Victims' Rights Act

Plaintiff also asks the Court to take judicial notice that he is entitled to the protections afforded under the CVRA in this civil proceeding. For the reasons stated above, there are no "sources" from which the Court can "accurately and readily determine[]" that Plaintiff is a victim pursuant to the CVRA. Accordingly, Plaintiff's motion is denied on that ground. Alternatively, the motion is denied because the CVRA does not afford any protections or grant any rights to parties in a civil action.

The CVRA enumerates certain rights afforded to crime victims, including rights to notice of and participation in criminal court proceedings involving release, plea, sentencing, restitution, and parole, as well as the right to confer with the attorney for the Government. See 18 U.S.C. § 3771(a). Nothing in the statute, however, authorizes a party to invoke those rights in a private civil action.

The statute's enforcement provision confirms this limited scope. Section 3771(d)(3) provides that CVRA rights "shall be asserted in the district court in which a defendant is being

prosecuted for the crime or, if no prosecution is underway, in the district court in which the crime occurred." Whatever relief that provision may permit where no prosecution is underway, it does not authorize Plaintiff to invoke the CVRA in this private civil action as a means of establishing facts relevant to his claims against Defendants.

Plaintiff's reliance on the CVRA is additionally misplaced because this civil action is not brought against the individual alleged to have committed criminal conduct. Rather, Plaintiff asserts tort claims against third parties, the producers of a documentary about the crime of which Plaintiff was an alleged victim. The CVRA does not apply to civil actions against non-criminal defendants and does not establish facts, liability, or evidentiary presumptions as against private parties who are not facing prosecution, or allegations, for the criminal offense.

Plaintiff relies forcefully on Judge Subramanian's statement issued when he denied Plaintiff's request for CVRA relief. Combs, ECF No. 638. Notwithstanding that he declined to find Plaintiff eligible under the CVRA, Judge Subramanian observed that "testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution." That statement, however, did not adjudicate Plaintiff to be a victim of sex trafficking or otherwise establish his legal status under the CVRA or TVPA. Id.

Accordingly, Plaintiff may not invoke the CVRA, TVPA, or Rule 201 to obtain protections, presumptions, or factual determinations in this civil case. To the extent Plaintiff seeks to rely on materials from the Combs criminal proceeding in support of his claims, the admissibility and significance of those materials must be evaluated under the ordinary rules of evidence and other applicable doctrines at the appropriate stage of this litigation.

## CONCLUSION

Plaintiff's motion for judicial notice is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 14 and 46.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: August 27, 2026
New York, New York